## SALMONS vs. TAIT.

In an action of Trespass brought by A. against B. for forcibly entering upon his premises, and cutting down and carrying off his timber trees, and removing his fence and gate. C. was examined as a witness in the case, and not only testified as to the particular injury charged in the Court, but also as to the damage done the plaintiff's stock; denying that he (the witness,) had any interest in the same. *Held*, That all these statements were material in the case, and that if he swore knowingly, wilfully, absolutely and falsely, as to any of them, he was guilty of perjury.

Case for Words, in Elbert Superior Court. Tried before Judge THOMAS, at the September Term, 1860.

The opinion of Mr. Justice Lumpkin, who pronounced the judgment of the Court in this case, embodies all the facts ne-

**PERJURY.** "Perjury may be assigned upon false testimony going to the credit of a witness." Wilson v. State, 115 Ga. 206 (1). * * * * "The rule of the common law in regard to perjury is thus stated by Archibold: 'Every question in cross-examination, which goes to the witness' credit, is material for this purpose.' Archib. Crim. Pl. and Proc., 817, (Eng. ed.). The same rule was declared by the twelve judges in Reg. v. Gibbons, 9 Cox, C. C., 105." In People v. Courtney, 94 N. Y. 491, 494, Andrews, J., said: "The recent cases sustain the view that **perjury may be assigned upon false testimony going to the credit of a witness.**" Id. 208.

cessary to a clear understanding of the judgment, wherefore any other statement is omitted.

VANDUZER, for plaintiff in error.

HESTER & AKERMAN, *contra*.

*By the Court.*—LUMPKIN, J., delivering the opinion.

William B. Nelms brought an action of trespass against Edward B. Tait in Elbert Superior Court. The injury alleged was, that the defendant had forcibly entered upon the land of plaintiff, cut down, destroyed and ruined the trees growing therein; threw down the fencing and carried away his gate; laying his damages at five hundred dollars. He received one hundred and two dollars with cost.

On the said trial, one Burrell Salmons was sworn and examined as a witness, who testified that there were one hundred or two hundred panels of fence from the road to the gully, entirely on Nelms' side of the line; that a sow belonging to Nelms was so cut by Tait, that witness had to carry her food and water where she laid for a week; that he had no interest in the stock of hogs, but was a mere cropper on Nelms' plantation.

Edmund B. Tait, the defendant in both actions, referring to this testimony said, that Salmons "had sworn to wilful lies;" thereby meaning, as Salmons alleges in declaration, to charge him of being guilty "of wilful and corrupt perjury." Defendant Tait, by his plea of justification, admitted that he spoke the words complained of, and that he intended the meaning which the plaintiff imputes to them.

Upon the trial, the plaintiff moved to strike out so much of the plea as relates to so much of the evidence of the plaintiff in the trespass case, as relates to the sow and his interest in the stock of hogs, as not being material or applicable to any matter in question at issue in the suit between William B. Nelms and Edmund B. Tait. He also objected to any testimony concerning this statement made by him upon his examination, and as to the truth or falsehood of these statements; all of which were overruled by the Court; and the jury were instructed, that if they believed that Salmons in his evidence, wilfully, knowingly, absolutely and falsely

made the three allegations set forth in the defendant's plea, or either of them, as to the number of panels of fence on Nelms' side of the line; the injury done to the sow, or his want of interest in the stock of hogs, then Tait had sustained his defence, and Salmons was not entitled to recover.

The jury found a verdict for the defendant, and the plaintiff moved for a new trial, on the following grounds, to wit:

1. The Court erred in refusing to strike out that part of the defendant's plea relating to the sow, and the interest of plaintiff in the stock of hogs, when it appeared from an inspection of the record of the trespass case of Nelms *vs.* Tait, that there was nothing therein concerning said sow or stock of hogs.

2. In admitting evidence of the statements of plaintiff respecting the sow and stock of hogs. ·

3. In charging the jury that if they believed from the evidence, that the plaintiff, Salmons, was a witness in the case of Nelms *vs.* Tait, and made upon oath, wilfully, knowingly, absolutely and falsely, the three allegations set forth in the defendant's plea, or either of them, then Tait has made out his defence, and the plaintiff is not entitled to recover.

There were four other grounds relating to the testimony which were not relied upon in the argument, and which we deem it unnecessary to notice.

The Court refused to grant a new trial, and the defendant excepted.

The defendant charged the plaintiff with "swearing to lies," which the plaintiff alleges meant to impute to him perjury. If Salmons swore falsely as to the sow, and to his interest in the stock of hogs, as well as to the quantity of fence on Nelms' side of the line, did he "swear to *lies?*" Most assuredly. If, on the other hand, the words spoken impute perjury to the plaintiff, and he testifies wilfully, knowingly, absolutely and falsely as to the fence, is he not guilty of perjury? There can be, we apprehend, no doubt of it. In either view of the matter, therefore, we think the case is with the defendant. The 2 *George* 11 *c.* 25, enacts that it shall be felony to steal any *bank-notes;* and it has been determined that the offence is complete by stealing one bank-note. *Hassel's case, Leach, Cr.* 1. If, then, to charge a witness with swearing to three lies, and one of the charges is sustained, and is material to the issue in the case in which he testified, you have justified the plea in imputing to him perjury.

But, altogether apart from this view of the case, the testimony of Salmons in the case of Nelms *vs.* Tait, as to the injury done to the sow, and which seems to have been admitted without objection, must have contributed to aggravate the damages found in that case, and therefore was material. The other portion of it which denied he had any interest in the hogs, was equally important as affecting his credibility, and if he swore falsely, knowingly, upon either of these points, he was guilty of perjury.

Consequently, our conclusion is, the rulings of the Court were right throughout, and that the judgment be affirmed.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.