## ROBERTSON v. STATE.

Decided June 20, 1891.

1. *Indictment—Variance.*

On an assignment of perjury committed in the circuit court in testifying as to what was defendant's evidence before the grand jury, a variance between indictment and proof as to the form of the oath administered to him before the grand jury is immaterial.

2. *Perjury—Materiality of testimony.*

Where a witness has given testimony material to the issue, and in answer to the question whether he had not sworn differently before the grand jury denies having done so, the answer affects his credibility as a witness, and a charge of perjury may be founded upon it.

APPEAL from *Johnson* Circuit Court.

J. G. WALLACE, Judge.

*A. S. McKennon* for appellant.

1. The testimony of appellant, if wilfully and corruptly false, was not material to the issue; it did not tend to prove the guilt or innocence of Davis.

2. Instruction 5 was error, and was not cured by any other instruction given.

3. There was no evidence to sustain the verdict.

4. There was a fatal variance between the indictment and proof. 2 Archb. Cr. Pl. & Pr., 1723, and note.

*W. E. Atkinson*, Attorney General, and *Chas. T. Coleman* for appellee.

1. Perjury may consist in false and corrupt testimony relating, not only to the main fact in issue, but also to material circumstances tending to prove the issue. 53 Ark., 395 ; 1 Murphy, 124; 1 Carr. & M., 655; 3 Arch., Cr. Pl. & Pr., 597–8.

2. The foreman of the grand jury had power to administer the oath in the form in which it was administered, and there was no substantial variance between the oath alleged and that proved. 27 N. H., 373; 1 F. & F., 356. The fifth instruction was perhaps error, but was cured by the first.

HUGHES, J.  The appellant was convicted of perjury in the Johnson circuit court, filed a motion in arrest of judgment and a motion for a new trial which were overruled, to which he excepted and appealed.

The indictment charges in substance that, on the trial of Blair Davis in said Johnson circuit court, upon a charge of seduction of Nannie Walton, it was a material question whether the said Z. L. Robertson did, at the May term, 1889, of the circuit court of Johnson county, testify and give evidence before the grand jury that Blair Davis had told him, the said Z. L. Robertson, that he, the said Blair Davis, was engaged to be married to Nannie Walton, and that this conversation occurred in the fall of 1888 ; and that the said Z. L. Robertson (the appellant), having been called as a witness upon the trial aforesaid before the circuit court, falsely, maliciously, knowingly, wilfully, corruptly and feloniously did depose, swear and give evidence to the jurors " that he, the said Z. L. Robertson, did not testify before the grand jury of the Johnson county circuit court, at its May term, 1889, that Blair Davis told him, the said Z. L. Robertson, that he, Blair Davis, was engaged to be married to Nannie Walton, and that this conversation occurred in the fall of 1888 ; whereas, in truth and in fact, the said Z. L. Robertson did testify before the grand jury aforesaid, at the May term of the circuit court aforesaid, that Blair Davis did tell him, the said Z. L. Robertson, that he, Blair Davis, was engaged to be married to Nannie Walton, and that this conversation occurred in the fall of 1888."

This is the gist of the charge.

Instruction numbered five was given by the court and excepted to by the appellant, and is as follows :  " If the jury believe that the defendant deposed before the grand jury as testified to by the foreman and clerk of said grand jury, and that the defendant, with full understanding and conception of his evidence, there signed the minutes of his evidence before said grand jury, which minutes have been here read to the jury in behalf of the State, and that the

..same was material to the finding of the indictment by the grand jury against Davis, you should find the defendant :guilty."

It cannot be supposed that by this instruction the circuit ,court meant to convey to the jury the impression that the .appellant was on trial for perjury committed in swearing falsely before the grand jury, for he had told them in the ·first instruction that it was not charged that the appellant ,committed perjury when before the grand jury. The instruction seems to be incomplete, and its meaning is not certain. We think it was calculated to confuse, if not mislead, the jury, and that it is erroneous, and ought not to have been given.

**1. Variance between indictment and proof.** It is urged by the appellant that there is a fatal variance between the indictment and the proof in this, that the indictment charges that the appellant was sworn by the foreman of the grand jury that "the evidence he should there give should be the truth, the whole truth, and nothing but the truth," and that the testimony proves that the oath administered was, "You do solemnly swear that you will true answers make to all questions that may be put to you by or under the direction of this grand jury." This is wholly immaterial in this case, as the assignment of perjury is, not false swearing before the grand jury, but false swearing on a trial in the circuit court; and therefore whether the appellant was sworn or not sworn before the grand jury, can have no bearing upon this case. In an indictment for perjury "the simple allegation that the defendant was 'duly sworn,' not describing the attendant ceremonies, has been well adjudged sufficient, or the mere substance of the oath may be given." 2 Bishop, Cr. Pro., sec. 912.

**2. Materiality of testimony in perjury.** In considering the motion in arrest of judgment, if we assume that the appellant testified upon the trial of Blair Davis, in the circuit court, for seduction, that "Davis had not, in the fall of 1888, told him that he was engaged to be married to Nannie Walton" (whom he was charged to have seduced), and that, upon being asked if he did not so swear

before the grand jury, he answered "No," the question to be determined is, Was this a material contradiction? "Where a witness has given testimony material to the issue, and in answer to a question as to whether he had not previously made a statement different from the testimony then given, he denies having done so, the answer affects his credibility as a witness, and a charge of perjury may be founded upon it." *People* v. *Barry*, 63 Cal., 62, and cases cited. "It is not necessary that the false statements should tend directly to prove the issue in order to sustain an indictment. *If the matter falsely sworn to is circumstantially material or tends to support and give credit to the witness in respect to the main fact, it is perjury.* And it is equally perjury if the false testimony tends to *discredit* the witness." *Ib.; Wood* v. *People*, 59 N. Y., 123; *Marvin* v. *State*, 53 Ark., 395.

The second ground in the motion for a new trial is that the verdict of the jury is not supported by the evidence.

We have searched the bill of exceptions in vain to find any evidence that the appellant testified on the trial of Blair Davis for the seduction of Nannie Walton, in the Johnson county circuit court, that the said Blair Davis did not tell him, the appellant, that he, Blair Davis, was engaged to be married to the said Nannie Walton, and that the statement was made by the said Blair Davis to him, the said Z. L. Robertson (the appellant), in the fall of 1888. There is a total failure of evidence to support the charge.

Coleman Cox and T. W. Rodgers, members of the petit jury that tried the case of the State of Arkansas against Blair Davis for seduction of Nannie Walton, testified in the case at bar on the part of the State, and their evidence is, that the appellant was a witness in the case against Blair Davis, and swore that his testimony before the grand jury was written down, but was not read over to him, and that he did not testify before said grand jury that Blair Davis told him that he was engaged to Nannie Walton, etc. This is as strong as any evidence in the case, and it will be seen that it relates alone to what the defendant said he swore before the

grand jury, and fails utterly to show that the appellant swore on the trial of Blair Davis that Davis did not tell him that he, Davis, was engaged to Nannie Walton,.etc.

For the errors indicated the judgment is reversed, and the cause is remanded for a new trial.