### 1224. McLAREN *v.* THE STATE.

1. In a prosecution for perjury it is permissible to join in a single count of the indictment a number of separate and distinct material statements alleged to have been falsely sworn to by the defendant in the same legal investigation.

2. On the trial under an indictment for perjury it is not necessary to prove that the defendant made literally the statement alleged; for it is well settled that only the substance of the language used by the witness in the prior judicial investigation, in which he is alleged to have sworn falsely, need be proved.

3. It is not necessary to the conviction of the defendant, on an indictment setting forth several distinct false statements, that the State should show the elements of perjury as to each and all of the statements so alleged; but if perjury is established as to any one of the statements which is material, a conviction may be upheld.

4. The evidence was sufficient to authorize the conviction.

Indictment for perjury, from Campbell superior court—Judge Roan. April 24, 1908.

Argued June 30,—Decided July 31, 1908.

*Claude C. Smith,* for plaintiff in error.

*William Schley Howard, solicitor-general,* contra.

RUSSELL, J. The plaintiff in error excepts to the overruling of his motion for new trial, which was based upon general grounds only. The offense of which he was convicted was that of perjury. In the indictment it was alleged, that he had wilfully, knowingly, absolutely, and falsely testified before the grand jury of Campbell county (the grand jury having under consideration at the time a special presentment charging one Mahaley Ross, alias Stinchcomb, with the illegal sale of whisky), as follows: "I did not furnish five pennies to John Henry Chandler to buy any whisky at any time in Mahaley Ross's house; I did not get any whisky from anybody in Mahaley Ross's house; I never saw any whisky in Mahaley Ross's house; I never tried to buy any whisky with anybody in Mahaley Ross's house; I did not see any money pass for whisky in Mahaley Ross's house; I did not buy any whisky from Mahaley Ross;" when in truth and in fact the said Henry McLaren did furnish five pennies to John Henry Chandler for the purpose of buying whisky in Mahaley Ross's house, and did buy whisky in the said Mahaley Ross's house; and he did then and there get whisky in the said Mahaley Ross's house; and he did then and there see whisky in Mahaley Ross's house; and he did then and there buy whisky with John Henry Chandler in said Mahaley Ross's house; and he did then and there see money pass for whisky in said Mahaley Ross's house; and he did buy whisky from Mahaley Ross; the said evidence being then and there material, etc. It is insisted that the verdict of guilty is unauthorized, because the State could not in the same indictment charge six different statements as being false, each of them alleged to be material, without preferring the charge in separate counts. It is also insisted that the verdict was not authorized by the evidence, because the testimony did not show that the defendant, when a witness before the grand jury, used the identical language in the indictment; and further, that the conviction was unwarranted by the evidence, because the State failed to prove each and all of the six false statements set forth in the

indictment. It is further insisted that some of the statements set forth in the indictment, as attributed to the defendant, were only proved by one witness, and that other of the facts as to which it is alleged the defendant swore falsely were not material to the issue under investigation before the grand jury.

1. The objection that the indictment contained more than one offense in a single count can not be raised by motion for new trial, if, indeed, it could be considered at all. No demurrer appears to have been filed to the accusation, but we really. see no reason, where a party in one and the same judicial investigation swears falsely as to more than one material matter, why all of such false testimony with reference to the same matter may not be joined in a single count. In the present case each of the six charges of perjury could be thus joined, because the subject-matter was all material to the guilt or innocence of Mahaley Ross of the offense of selling intoxicating liquors unlawfully, a presentment against whom was then being considered by the grand jury. The evidence sought from the witness, as may be deduced from each of the six charges of perjury, was material,—some of them would have shown the guilt or innocence of Mahaley Ross directly, while others, if the questions had been answered differently by the witness, might at least have tended to induce a presentment which is only an ex parte proceeding. "The question whether or not a particular statement is material will obviously depend upon the nature of the proceeding and the matters at issue, and can be determined in each case for that case only." 22 Am. & Eng. Enc. Law (2d ed.), 686, citing Robertson v. State, 54 Ark. 604 (16 S. W. 582); State v. Schultz, 57 Ind. 19; State v. Clough, 111 Iowa, 714 (83 N. W. 727); State v. Wakefield, 73 Mo. 549; Lawrence v. State, 2 Texas App. 479. "The test of materiality is whether the statement made could have influenced the tribunal upon the question at issue before it. Any statements made in a judicial proceeding for the purpose of effecting the decision, and upon which the judge acted, are material." 22 Am. & Eng. Enc. Law (2d ed.), 687. See also *Salmons* v. *Tait*, 31 *Ga.* 676; 6 Words & Phrases Judicially Defined, 5309, 5310, par. 3 and 8; also *Haines* v. *State*, 109 *Ga.* 526 (35 S. E. 141).

2. As to the insistence that the evidence failed to show that the defendant, when a witness before the grand jury, used the

identical language attributed to him in the indictment, it is well
settled that only the substance of the language used by the witness
in the prior judicial investigation, in which he is alleged to have
sworn falsely, need be proved. The exact words of the prisoner
need not be proved, provided the substance of his testimony is
given. Taylor *v.* State, 48 Ala. 157; State *v.* Frisby, 90 Mo. 530
(2 S. W. 883) ; People *v.* Burroughs, 1 Parker's Crim. Rep. (N. Y.)
211; Commonwealth *v.* Terry, 114 Mass. 263.

3. It is further insisted by the plaintiff in error that the ver-
dict of guilty is unsupported by the evidence and unauthorized,
because the State failed to prove all of the particulars wherein
perjury was alleged in the indictment. As the crime charged re-
lated to only one criminal transaction, which would be complete
if committed in any one of the ways alleged, sufficient proof of
the falsity of the oath as to only one of these particulars would
authorize the conviction of the defendant in this case. "Where
the indictment contains several distinct charges of perjury, proof
of any one of them is sufficient." 22 Am. & Eng. Enc. Law (2d
ed.) 694; Smith *v.* State, 103 Ala. 57 (15 So. 866) ; Marvin *v.*
State, 53 Ark. 395 (14 S. W. 87) ; State *v.* Day, 100 Mo. 242 (12
S. W. 365) ; State *v.* Blaisdell, 59 N. H. 328; State *v.* Hascall, 6
N. H. 352; Harris *v.* People, 64 N. Y. 148; Moore *v.* State, 32
Texas Crim. 405. And while we have been unable to find the
same holding in any criminal case in this State, the ruling in
*Salmons* v. *Tait,* supra, clearly sustains the principle which we
now assert.

4. We come then to consider, under the rules stated above,
whether it is demonstrated by the record that the guilt of the ac-
cused, as to any one false statement in regard to a matter material,
in the investigation pending before the grand jury, was proved,
beyond a reasonable doubt, to have been wilfully, knowingly, abso-
lutely, and falsely made by the defendant. The ancient rule of
the common law required the testimony of two witnesses, both
directly contradicting the testimony previously delivered by the
prisoner, in order to authorize a conviction of perjury; the reason
assigned being that the testimony of one witness would merely
be one oath against another. Our code, however, in making per-
jury an exception to the general rule that the testimony of a single
witness is generally sufficient to establish a fact, provides that

corroborating circumstances may dispense with the second witness. Section 991 of the Penal Code is as follows: "The testimony of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made in specified cases, such as to convict of treason or perjury, and in any case of felony where the only witness is an accomplice; in these cases (except in treason) corroborating circumstances may dispense with another witness." So that one witness and corroborating circumstances, if the corroboration be sufficient, may, in cases of perjury,. serve to establish the falsity of the previous testimony delivered by the accused, as well as to establish the substance of such previous testimony. Indeed, in several jurisdictions, it has been held that only one witness is required to prove the fact that the accused swore on a prior judicial investigation as charged. U. S. *v.* Hall, 44 Fed. 864; State *v.* Wood, 17 Iowa, 18; State *v.* Jean, 42 La. Ann. 946 (8 So. 480); People *v.* Hayes, 140 N. Y. 484 (35 N. E. 951, 23 L. R. A. 830, 37 Am. St. R. 572); Commonwealth *v.* Pollard, 12 Metcalf (Mass.), 225. It is unnecessary for us to hold in the present case that this rule should prevail in this State; because two witnesses testified in accord, as to several material allegations contained in the indictment, that the defendant swore substantially as charged; and the defendant, in his statement, so far from denying that he had testified before the grand jury as charged in the indictment, practically admitted that he did testify as charged, and insisted that his former testimony was true.

Then, was the evidence sufficient to show that the defendant testified falsely as to matters material to the first investigation? We think that it was established by two witnesses, (1) 'that the defendant furnished five pennies to John Henry Chandler (at a designated time within the statute of limitations) to buy whisky in Mahaley Ross's house; (2) that he did get some whisky from another person in Mahaley Ross's house, and (3) that he saw whisky in Mahaley Ross's house. These facts, if true, even though they might not be sufficient to authorize the conviction of Mahaley Ross of the offense of selling whisky, if she were on trial, were nevertheless material in the investigation of the evidence before the grand jury; because, in connection with other evidence, each of these facts might tend to induce the grand jury to find a presentment (which is merely the means of putting a defendant on trial),

even if indeed the same evidence, if Mahaley Ross had been upon trial, would not have authorized her conviction. It must be borne in mind too that as to the presentment pending against Mahaley Ross, her guilt could have been shown just as conclusively by evidence of a sale to John Henry Chandler as to the defendant himself; and, for that reason, the fact as to furnishing money to Chandler, with which Chandler bought the whisky, might be as important as if he had himself purchased the whisky. As to the testimony of the defendant as alleged in the indictment, · that he did not buy any whisky from Mahaley Ross, the only difference between this and the testimony of two witnesses introduced on the part of the State as to what really transpired was, that he did not buy the whisky alone, but bought it jointly with John Henry Chandler, he contributing five cents and Chandler twenty cents, and that for this twenty-five cents the whisky was brought in the room and delivered by Mahaley Ross, and partaken of, both by the defendant and Chandler, the two who had furnished the money to pay for it. This slight difference between purchasing alone and purchasing conjointly with another, when the sole material issue involved was whether Mahaley Ross sold whisky illegally, is insufficient to authorize a holding that the verdict of guilty is unsupported by the evidence. This feature of the case is practically identical with the facts in People v. Burroughs, 1 Parker's Criminal Reports, 211. In that case it was held, that on a trial of a defendant for perjury in giving testimony that F. had taken usury in discounting a promissory note, it was sufficient, in the indictment, to allege that it became a material matter whether F. discounted said note, and whether he took usury in discounting it, and then to set forth particularly the testimony of the defendant on these points, and the facts as they actually existed. It was further held, that an averment in an indictment, that the defendant was sworn as a witness between the bank and J. B., is sustained by proof that the defendant was sworn in a suit by the bank on a promissory note by J. B., the indorser, and F. McF. and the defendant as joint makers.

We think that the conviction was sustained by the law and the evidence, and for that reason the court did not err in overruling the motion, based solely upon the general grounds.

<i>Judgment affirmed.</i>