(52 South. 244.)

No. 18,188.

STATE v. SMITH.

(April 25, 1910.)

*(Syllabus by the Court.)*

1. PERJURY (§ 25*) — INFORMATION — SUFFICIENCY.

A bill of information, to charge perjury, must show the materiality of the alleged false testimony, either by direct allegation that it was material, or by the allegation of facts from which its materiality is made to appear.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 82–89; Dec. Dig. § 25.*]

2. PERJURY (§ 11*)—GROUNDS OF CHARGE.

Perjury may be assigned upon testimony going to the credit of a material witness, as where a witness has given testimony material to the issue, and in answer to a question as to whether he had not previously made a different statement he denies having done so, a charge of perjury may be founded on such denial.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. § 52; Dec. Dig. § 11.*]

3. PERJURY (§ 25*) — INFORMATION — SUFFICIENCY.

Where, in a prosecution for perjury, it appears that the defendant, as a witness in the case in which the perjury is said to have been committed, was asked whether she had made a certain statement out of court, and she answered in the affirmative, but qualified her answer by saying that she had done so because she had been told, that, unless she did, she would be whipped, the bill of information, alleging the falsity of the qualifying statement and predicating the charge of perjury thereon, without alleging its materiality, is bad, for the reason that the facts alleged do not disclose such materiality, since, unless the witness had given testimony at variance with the statement attributed to, and admitted by, her, it was immaterial and irrelevant for the purpose of the issue presented what statement she had made out of court, or under what circumstances she had made it.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 82–89; Dec. Dig. § 25.*]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

Bettie Smith was convicted of perjury, and, from an order sustaining a motion in arrest of judgment, the State appeals. Affirmed.

Walter Guion, Atty. Gen., and Joseph Moore, Dist. Atty. (R. G. Pleasant, of counsel), for the State. David R. Rosenthal, for appellee.

Statement of the Case.

MONROE, J. The bill of information under which defendant was prosecuted, after setting forth that one Ed. Smith was in due course of law being tried in the district court under an indictment for murder, and that defendant appeared as a witness in his behalf and was duly sworn, proceeds as follows, to wit:

"Whereupon it became a material inquiry on the trial of said issue whether she, the said Bettie Smith, had not, on the second day after the killing, in the sheriff's office in the courthouse at Lake Charles, La., in the presence of Mr. C. B. Perkins and H. Kyle Ramsey, told the sheriff, D. J. Reid, that the Saturday night of the killing Gus Pugh came to the house of Ed. Smith, alias Bama Smith, and he and the said Ed. Smith asked her, if Gus Pugh had paid his board bill, and she answered, 'No;' that Gus Pugh had told her. that Mr. Denas, his boss, had gone to Welsh, and he had not gotten his money, and that Ed. Smith said: 'That is not so. I saw Mr. Denas in Roanoke to-day.' And Gus Pugh said: 'Yes; he has gone to Welsh.' And Ed. Smith replied: 'You are a damn liar,' and immediately shot him, Gus Pugh. And the said

Bettie Smith, being so sworn as aforesaid, wickedly contriving and intending to cause the said Ed. Smith to be acquitted of the said felony, did then and there knowingly, falsely, corruptly, willfully, and wickedly say, depose, and give in evidence to the jurors of the jury, then and there duly taken and sworn between the said state and the said Ed. Smith before the judge aforesaid, that she had made the foregoing statement to the sheriff, D. J. Reid, in the presence of H. Kyle Ramsey and C. B. Perkins, as detailed, but that she had done so because the sheriff, Mr. Reid, had told her then and there that, if she did not state the facts as Jack Vaughan had stated them, he would whip her, whereas, in truth and in fact, the said D. J. Reid, sheriff, had not told the said witness, Bettie Smith, that, if she did not state the facts as stated by Jack Vaughan he would whip her, all of which said statement made by said Bettie Smith the said Bettie Smith well knew to be false, so the said Bettie Smith at the court aforesaid before the said judge and the said jury, the said M. D. Andrews, deputy clerk aforesaid, having sufficient and competent power to administer the said oath to the said Bettie Smith, did commit willful and corrupt perjury, contrary to the form of the statute," etc.

On the trial defendant objected to the introduction of evidence, on the grounds, in substance, that the information charges no offense, since it is not alleged that the testimony said to have been false was material to the issue or matter of inquiry, and no facts are alleged from which such materiality appears. The objections were overruled, and defendant, having been convicted, renewed them in a motion in arrest of judgment, which was sustained. The state has appealed.

### Opinion.

It will be observed that the bill of information alleges that it became a material inquiry whether defendant had not made certain statements to the sheriff, and that she testified that she had made the statements—

"but that she had done so because the sheriff * * * had told her * * * that, if she did not state the facts as Jack Vaughan had stated them, he would whip her, whereas, in truth and in fact, the said * * * sheriff had not told the said witness * * * that, if she did not state the facts as stated by Jack Vaughan, he would whip her, all of which statement, made by the said Bettie Smith, the said Bettie Smith well knew to be false, so the said Bettie Smith did commit willful and corrupt perjury," etc.

The specific allegation of materiality is therefore confined to the statement made by the witness to the sheriff; and the truth of her admission that she made those statements is not intended to be questioned. On the other hand, her testimony as to what the sheriff said to her, though alleged to be false and to constitute the perjury charged, is not in terms alleged to be material. It is, however, well settled, and is conceded by defendant's counsel, that the indictment or information may show the materiality of the alleged false testimony, either by direct allegation that it was material, or by the allegation of facts from which its materiality will appear. And it seems to be the accepted doctrine that:

"False testimony is deemed material not only when directly pertinent to the main issue, but also when it has a legitimate tendency to prove or disprove any material fact in the chain of evidence. * * * Perjury may be assigned upon testimony going to the credit of a material witness in a cause, although such evidence be legally inadmissible and ought not to be received. So, also, perjury may be predicated on a false answer of a witness that he had never been convicted of a felony, as such answer affects his credibility, and is therefore material to the issue, provided the evidence of conviction is not too remote." 30 Cyc. pp. 1418, 1820, 1421.

The rule as thus stated is applied in a case where a witness has given testimony material to the issue, and in answer to the question as to whether he had not previously made a different statement denies having done so, it being held that his answer affects his credibility, and that a charge of perjury may be founded thereon. 30 Cyc. p. 1420, note, citing Williams v. State, 68 Ala. 551; Robertson v. State, 54 Ark. 604, 16 S. W. 582; People v. Barry, 63 Cal. 62; State v. Mooney, 65 Mo. 494; Hanscom v. State, 93 Wis. 273, 67 N. W. 419. The question, then, is whether the bill of information on which the defendant now before the court is being prosecuted sets forth facts sufficient to show the materiality of her testimony to the effect that

the sheriff said that he would whip her unless she made a statement in accordance with that made by Jack Vaughan. And that question, we think, must be answered in the negative, for the reasons that it nowhere appears that on the trial of Smith she made any statement at variance with that made to the sheriff, or, in fact, that she gave any testimony whatever save that which has been hereinabove recited, to wit, that she made the statement to the sheriff concerning which she was interrogated, "but that she had done so because the sheriff * * * had told her * * * that, if she did not state the facts as Jack Vaughan had stated them, he, the  * * * sheriff, would whip her." Unless, however, she had, as a witness in the murder trial, given testimony at variance with her statement to the sheriff, it was wholly immaterial and irrelevant to the issue there presented what that statement was, or why she made it.

The judgment appealed from is accordingly affirmed.