## LAMB v. STATE.

### Opinion delivered July 8, 1918.

1. PERJURY—CORROBORATION OF PROSECUTING WITNESS.—A conviction of perjury may be had upon the evidence of one witness supported by proof of corroborating circumstances going to material testimony adduced by the State.

2. PERJURY—SUFFICIENCY OF CORROBORATION.—Evidence *held* to sufficiently corroborate prosecuting witness in perjury case.

3. NEW TRIAL—TESTIMONY OF JUROR.—The testimony of a juror is incompetent to impeach a verdict in which he has joined.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*Arthur Cobb,* for appellant.

1. Argues the merits of the case which are not decided.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

There is no bill of exceptions in the case. It is not shown when it was filed or signed. A bill of exceptions is necessary to enable the court to consider and decide the questions raised. 72 Ark. 264; 96 *Id.* 175; 117 *Id.* 118.

HART, J. E. J. Lamb prosecutes this appeal to reverse a judgment of conviction against him for the crime of perjury. The indictment charges him with having committed perjury when testifying for the defendant in the case of the State of Arkansas against George Bean charged with unlawfully keeping liquor for sale.

The officers had searched the hotel owned by George Bean and a room in which he and the defendant and two other persons were sitting, for whiskey. A grip containing a number of bottles of whiskey was found by one of the officers on the window ledge just outside the room.

Bean was charged with unlawfully keeping intoxicating liquors for sale, and the defendant was sworn and testified in the case. He testified that he was in the room on the occasion in question, but that none of the parties there raised the window or put any whiskey outside of the window on the sill. The sheriff, Row Brown, a deputy sheriff, and a policeman of the city of Hot Springs went to the hotel of George Bean in the city of Hot Springs in Garland County, about one o'clock at night to search it for whiskey. The sheriff and Row Brown went into the building towards the room occupied by George Bean, the defendant, and two other persons.

Brown testified that he went into a front room next to the one occupied by these parties; that about the time he got into the room he heard a window being raised in

the next room; that he raised the window in the room where he was and saw a suit case being eased out on the cornice in the next room; that he went out on the window ledge and got the suit case; that the parties had put the window down after they had put the suit case out; that he heard the sheriff talking in the room from which the suit case had been put out and he then again raised the window and went into the room; that the suit case was opened and found to contain a number of quarts of whiskey in cartons; that he saw an empty carton in the room which was similar to the cartons on the whiskey bottles in the suit case and was marked the same way; that each bottle of the liquor in the suit case was incased in a carton labeled Old Timer's Whiskey; that the empty carton found in the room bore the very same label as those in the suit case.

The sheriff testified that in a minute or two after he left the deputy sheriff Brown he knocked on the door of the room occupied by Bean and after a brief pause the door was opened and he entered the room; that he found in the room George Bean and his wife, the defendant and another person; that these parties appeared to be excited; that in a few minutes Brown came into the room through a front window from the coping outside the window; that he was carrying a suit case; that they opened the suit case and it contained a number of quart bottles of whiskey; that each bottle of the whiskey was incased in a carton and each carton was labeled Old Timer's Whiskey; that they found an empty carton in the same room of the same kind and bearing the same label. The defendant denied that any of the parties in the room placed the whiskey on the coping outside the window on the occasion in question. His testimony was corroborated by that of the other parties in the room.

It is earnestly insisted by counsel for the defendant that the testimony of Row Brown was not sufficiently corroborated to warrant the jury in finding the defendant guilty. We do not agree with counsel in this contention.

The old rule that to convict of perjury, two witnesses are necessary has been relaxed; and a conviction may be had upon any legal evidence of a nature and amount sufficient to outweigh that upon which perjury is assigned. In other words, it is now well settled in this State that such a conviction may be had on the evidence of one witness supported by proof of corroborating circumstances. Of course, the corroborating evidence must go to material testimony adduced by the State, and not to testimony on some immaterial matter. *Marvin* v. *State,* 53 Ark. 395, and *Grissom* v. *State*, 88 Ark. 115. Tested by this rule, the corroborating testimony was sufficient to warrant the jury in finding the defendant guilty. The testimony of Row Brown, if believed by the jury, shows that some person in the room about to be searched by the officers, raised the window and placed the suit case containing the whiskey on the coping outside the window while the officers were approaching. This was the material matter upon which the perjury was assigned. The defendant had testified that none of the parties in the room had placed the liquor out there.

The sheriff testified that he came into the room in a few minutes after he separated from Brown; that he found George Bean, the defendant and two other persons in the room, and that they appeared to be excited; that in a minute or two Brown opened the window from the outside and came into the room bearing a suit case containing a number of quarts of whiskey; that each bottle of wihskey was incased in a carton bearing a label. An empty carton was found in the room of precisely the same kind and bearing the same label. The record shows that the room searched was on the second floor of the building. The testimony of the sheriff sufficiently corroborated the testimony of Brown to warrant the jury in convicting the defendant.

The defendant also seeks to reverse the judgment by impeaching the verdict of the jury by the testimony of one of the jurors. It is well settled in this State that

the testimony of a juror is not competent to impeach a verdict in which he has joined. *Turner* v. *State,* 130 Ark. 48; *Capps* v. *State,* 109 Ark. 193. The reasons for the rule are given in *Barnett Bros.* v. *Western Assurance Co.,* 126 Ark. 562.

The case was submitted to the jury under proper instructions and, finding no prejudicial error in the record, the judgment will be affirmed.