ON WRIT OF REVIEW
KLIEBERT, Judge.
The defendant, Patrick Sacco, was charged by grand jury indictment with perjury (LSA-R.S. 14:123). The trial court sustained a motion to quash the indictment on the ground the statements made by Sacco to a grand jury were not material to the issue or question it was investigating. The state’s application for a writ of review was granted and the case was docketed, briefed and argued under established appellate procedures. See Writ Application No. 87-K-800. For the reasons assigned we reverse the ruling of the trial court sustaining the motion to quash and remand the case for further proceedings.
Patrick Sacco holds the rank of Colonel with the Jefferson Parish Sheriff’s Office and is the commander of the mounted division. He was charged with giving perjured testimony before a Jefferson Parish Grand Jury which was investigating the activities of the Sheriff’s Office. The investigation was instituted after the family of a girl allegedly molested by one Raul Marrero complained to the district attorney that an investigation of the incident was being stonewalled because Marrero was connected in some capacity with the Sheriffs Office. The grand jury indicted Marrero on a sexual battery charge on January 30, 1986. Investigation into a possible “cover up” continued, and the focus of the investigation widened to include whether or not deputies on public time worked on private property of supervisors. It was during this inquiry that Sacco appeared before the grand jury.
The issue presented is whether the trial court erred in granting the motion to quash the indictment. The nature and scope of a motion to quash was explained by our supreme court in State v. Perez, 464 So.2d 737, 739-740 (La.1985).
*472 The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, i.e., those matters which do not go to the merits of the charge. La.C.Cr.P. art. 531-534. It is treated much like an exception of no cause of action in a civil suit. State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971).
[1,2] In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. State v. Gerstenberger, 260 La. 145, 150, 255 So.2d 720 (1971); State v. Ponthieux, 254 La. 482, 224 So.2d 462 (1969). The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. State v. Rembert, 312 So.2d 282 (La.1975); State v. Patterson, 301 So.2d 604 (La.1974); State v. Snyder, 277 So. 2d 660 (La.1973).
See also State v. Allo, 510 So.2d 14 (5th Cir.1987).
The indictment alleges that Sacco intentionally made false material oral statements under oath when testifying that Marrero was used only as an interpreter and did not have arrest authority, and that no other reserve deputies besides Marrero worked on his (Sacco’s) property. Although no written answers to defendant’s motion for a bill of particulars appear in the record, in a memorandum in opposition to the motion to quash the state averred that in oral answer to the bill of particulars defendant was informed the grand jury was pursuing a “broad investigation of misdeeds and possible illegal detectives (sic) by members of the Jefferson Parish Sheriffs Office.” The assistant district attorney who advised the grand jury during its investigation testified that the initial inquiry as to Marrero’s status in the sheriffs office and the alleged “cover-up” of his criminal activities expanded to include an inquiry as to whether reserve deputies were working on private property while on duty.
Accepting as true the facts as established by the indictment, the bill of particulars, and the testimony of the assistant district attorney, we must determine whether or not, if proven, they constitute the crime charged. State v. Perez, supra. LSA-R.S. 14:123 provides:
Perjury is the intentional making of a false written or oral statement in, or for use in, a judicial proceeding, or any proceeding before a board or official, wherein such board or official is authorized to take testimony. In order to constitute perjury the false statement must be made under sanction of an oath or an equivalent affirmation, and must relate to matter material to the issue or question in controversy.
It is a necessary element of the offense that the accused knew the statement to be false; but an unqualified statement of that which one does not know or definitely believe to be true is equivalent to a statement of that which he knows to be false.
An indictment, to charge perjury, must show the materiality of the alleged false testimony either by direct allegation that it was material, or by the allegation of facts from which materiality is made to appear. State v. Smith, 126 La. 135, 52 So. 244 (1910). The test for materiality is whether the testimony was capable of influencing the grand jury on an issue before it, or whether it would have the natural effect or tendency to influence, impede, or dissuade the grand jury from pursuing its investigation. U.S. v. Gremillion, 464 F.2d 901 (C.A. 5th Cir.1972) cert. denied, 409 U.S. 1085, 93 S.Ct. 683, 34 L.Ed.2d 672.
The instant indictment complies with the requisites established by La.C.Cr. P. Article 465, subd. A(36) for a perjury indictment. It directly alleges the false testimony was material. Moreover, the answers to the bill of particulars and the testimony of the district attorney, accepted as true, clearly establish that the alleged false testimony was material to an issue or question in controversy. Accordingly, the *473 indictment is valid and should not have been quashed. See State v. Snyder, 304 So.2d 334 (La.1974).
We are not unmindful that the materiality of false testimony is a matter of law for determination by the court, rather than a factual question to be decided by the jury, and that our scope of review upon conviction for perjury is directed toward an independent decision on the question of materiality. See State v. West, 419 So.2d 868 (La.1982); State v. Occhipinti, 358 So.2d 1209 (La.1978). However, for the purpose of a motion to quash, the trial court and this court are limited to accepting as true the averments in the indictment and bill of particulars and determining whether they constitute the crime charged. State v. Perez, supra. The state was not required to present the merits of the case at the hearing on the motion to quash.
REVERSED AND REMANDED.