## Rean Foster v. The State.

### No. 95. Decided April 15.

1. **Perjury—Extraneous Matter—Charge of the Court.**—It is only where extraneous matter is admitted in evidence for a specific collateral purpose, that the court is required, in its charge, to limit and restrict the testimony to such specific purpose; and this rule does not apply when the admitted testimony proves or tends to prove the main fact. In perjury, deliberation and willfulness are not extraneous matters, but essential elements of the offense, and the court is not required, in its charge, to restrict evidence going to establish these essential elements.

2. **Same—Evidence as to Empanelling of Grand Jury.**—On a trial for perjury, alleged to have been committed before a grand jury, *held*, that while it is proper to prove the fact that the grand jury was legally empanelled, by the minutes of the court, yet the failure to prove it in this manner will not constitute grounds for acquittal, if such fact be otherwise shown without objection.

3. **Same — Materiality of Testimony Assigned as Perjury.**— The materiality of testimony assigned as perjury is a question of law, not of fact; and ordinarily it is for the judge, and not the jury, to pass upon the materiality of such false testimony; but like any other question of law, it may be so mingled with the facts that the court should submit it, with proper instructions upon the law, to the jury. The mere opinion of witnesses can not be adduced as evidence to prove the materiality of the alleged false evidence.

Appeal from the District Court of De Witt. Tried below before Hon. James C. Wilson.

Appellant was indicted for perjury, committed before the grand jury of De Witt County, upon an investigation pending before them in relation to a charge of assault with intent to murder, alleged to have been committed by one Frank Lowe upon one Volney Canfield. At her trial she was convicted, and her punishment was assessed at a term of five years confinement in the penitentiary. It is not necessary to state the facts in illustration of any of the points decided.

*Baker & Sumners*, for appellant.—The court erred in failing to limit and restrict, by his charge, the evidence of H. F. Hill to its proper sphere in the case. The witness Hill was introduced by the State to testify to acts of defendant before the Justice Court, several days before she testified before the grand jury, said evidence being introduced for the purpose of showing willfulness and deliberateness on the part of defendant, and should have been so restricted by the court. Davidson v. The State, 22 Texas Cr. App., 372, and cases there cited.

Where extraneous matter is admitted in evidence for a specific purpose, incidental to, but not admissible directly to prove the main issue, and which might tend, if not explained, to exercise a wrong, undue, or improper influence upon the jury as to the main issue, injurious and prejudicial to the rights of the party, then it becomes the imperative duty

of the court in its charge to so limit and restrict it as that such unwarranted results can not ensue; and a failure to do so will be radical and reversible error, even though the charge be not excepted to. Davidson v. The State, 22 Texas Cr. App., 382; Maines v. The State, 23 Texas Cr. App., 568; Kitchen v. The State, 26 Texas Cr. App., 165, and cases cited; Foster v. The State, 28 Texas Cr. App., 45; Rogers v. The State, 26 Texas Cr. App., 404.

The State failed to prove by the minutes of the court that the grand jury before whom the alleged false statements were made was ever empanelled, charged, and sworn as the law directs; and such proof, if made at all, was only inferentially made, and the court's attention being directly called to this omission, a charge should have been given with reference thereto. White v. The State, 10 Texas Cr. App., 381; Stanley v. The State, 16 Texas Cr. App., 392; Smith v. The State, 22 Texas Cr. App., 196; Williams v. The State, 22 Texas Cr. App., 332; Willis v. The State, 24 Texas Cr. App., 584; Sneed v. The State, 28 Texas Cr. App., 56.

The court erred in refusing to permit the witnesses Law and Menn to answer the question, "If the answer ' yes or no ' by the defendant to the questions asked her by the grand jury would have been or was material to the investigation by the grand jury of the difficulty between Lowe and Canfield," because the same was material. The materiality of the alleged false statements does not appear from the indictment, nor from the evidence adduced on the trial. Brooks v. The State, 29 Texas Cr. App., 582.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—1. This appeal is prosecuted from a conviction of perjury alleged to have been committed before the grand jury during its investigation of a difficulty involving an assault with intent to murder by one Frank Lowe upon one Canfield and others.

On the day subsequent to the shooting, and during his investigation of the difficulty, the justice of the peace caused the defendant to be brought before him, and examined her as a witness in relation to said difficulty. This officer testified during the trial of the defendant in this case, that her bearing, conduct, action, and language were very insolent while testifying before him, and that he had occasion to rebuke her for such conduct. It is insisted that this evidence was introduced for the purpose only of showing the willfulness and deliberation on the part of defendant when testifying before the grand jury, and was therefore extraneous matter, and should have been restricted to that particular phase of the case by the charge of the court. Deliberation and willfulness are not extraneous matters in perjury cases, but essential elements of the offense, and without which it can not be committed. Evidence which proves, or tends to

prove, such issues goes to the very substance of the crime of perjury. It is only when the extraneous matter is admitted in evidence for a specific collateral purpose that the court is required to limit and restrict the testimony to such specific purpose. The rule invoked by defendant does not obtain when the admitted testimony proves, or tends to prove, the main facts.

2. The defendant's requested instruction, that " the jury must believe from the evidence that the grand jury were legally empanelled, charged, and sworn, before they could convict the defendant," was refused. This charge, it is stated, is based upon the failure of the prosecution to show by the minutes of the court that the grand jury were empanelled. That fact is sufficiently shown otherwise; and while it is proper to prove such fact by the minutes of the court, yet its omission will not constitute cause for acquittal, if it is shown otherwise without objection. The court did not err in refusing the requested instructions, under the facts of this case.

3. Defendant offered, but was not permitted, to prove by grand jurymen Menn and Law the want of materiality of the testimony of the defendant before the grand jury, upon which the perjury is assigned. This was not error. In prosecutions for perjury assigned upon evidence given by a witness in a case under judicial investigation, " the materiality of the testimony is a question of law, not of fact. But, like any other question of law, it may be so mingled with the facts, the court should submit it, with proper instructions upon the law, to the jury." 2 Bish. Crim. Law, 7 ed., sec. 1039a. It is for the judge, and not the jury, to pass upon the materiality of the false testimony, " and assigned as perjury." Washington's case, 23 Texas Cr. App., 336. The mere opinion of witnesses can not be adduced as evidence to prove the materiality of the alleged false evidence. They are no more competent to form correct conclusions in this respect than the jury trying the cause. Same authorities.

The testimony is sufficient to support the conviction. The falsity of the evidence is shown by two witnesses, Winfield and Canfield. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.