THE STATE OF IOWA v. S. D. CLOUGH, Appellant.

**Perjury:** EVIDENCE: *Corrupt motive.* On a prosecution for perjury in falsely swearing in an affidavit for a cost bond that plaintiff in a suit was a corporation, evidence warranting a finding that accused had no reasonable cause for believing plaintiff to be a corporation, and that the affidavit was made to secure a dismissal of the case, is sufficient to show a corrupt motive in making the affidavit.

ADMINISTRATION OF OATH: *Evidence.* On prosecution for perjury in falsely swearing to an affidavit, the certificate of a clerk of courts, attached to such affidavit, and proof of his handwriting is sufficient *prima facie* evidence of the jurat, and that he performed his duty as clerk.

EVIDENCE TO SUPPORT CONVICTION: *Corroboration.* Evidence by two witnesses that a certain firm was not acting as a corporation, with corroborating facts showing that it was not a corporation, is sufficient to support conviction for perjury in falsely swearing in an affidavit for a cost bond that such firm was acting as a corporation.

'OATH: *Jurisdiction to administer.* A suit was begun in Polk county against defendant, who was a resident of Warren county, and others. The action appears to be *in rem.* It does not appear whether a personal judgment was sought. While this suit was pending in Polk county, one involving the same matter, and seeking personal judgment was brought in Warren county. Defendant appeared in that court and applied for a cost bond. Before any objection was raised to the jurisdiction of the Warren county court, defendant made an affidavit, in support of his said application, upon which affidavit perjury is charged. *Held,* conceding that the actions were such that a plea in abatement would lie, yet the Warren county court had acquired jurisdiction to entertain said affidavit, which jurisdiction it would retain until some reason was shown why it should no longer retain jurisdiction.

PROVINCE OF COURT AND JURY: *Jurisdiction.* On a prosecution for perjury in falsely making an affidavit for cost bond in a civil action, the court may properly instruct that such civil court had jurisdiction to determine the application for cost bond, as jurisdiction is a question of law.

SAME. And that the matter charged to be falsely sworn to is material, and that a clerk of the courts had right and authority to administer the oath.

*Appeal from Warren District Court.*—HON. J. D. GAMBLE, Judge.

WEDNESDAY, OCTOBER 3, 1900.

THE defendant was convicted of the crime of perjury, and appeals.—*Affirmed.*

*A. A. McGarry* for appellant.

*Milton Remley,* Attorney General and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

SHERWIN, J.—The defendant was convicted of falsely swearing, in an affidavit for a bond for costs, that A. West & Son were acting as a corporation, doing business at Des Moines, Iowa. The defendant contends that there is not sufficient corroborative evidence that they were not so acting to sustain the verdict. We think otherwise. The testimony of A. West on this point was sustained by that of another witness, who had made inquiries as to the matter, and by facts and circumstances before the jury which tended to show that they were not a corporation. The law is well settled that the required corroboration may be furnished by facts and circumstances, as well as by direct and positive testimony. *State v. Raymond,* 20 Iowa, 582; 2 Wharton Criminal Law, section 2276.

The defendant also insists that no corrupt motive appears in the evidence. An action had been brought by A. West & Son against this defendant in the district court of Warren county, claiming the sum of one hundred and twenty-one dollars for service rendered. Before answer the defendant herein appeared, and filed an affidavit that he had a good defense to the action, and that A.

West & Son was a corporation, and on the strength of this affidavit he asked that A. West & Son be required to give a bond to secure payment of the costs. This motion was granted, and a bond ordered. It does not appear to have been furnished, however, and the case was dismissed without prejudice, and the costs taxed to the plaintiff therein. The statute provides that a cost bond must be furnished when the plaintiff is a private corporation. The jury was fully warranted in finding that the defendant had no reasonable ground for believing A. West & Son to be a corporation, and for the further finding that the affidavit was made for the purpose of accomplishing the dismissal of the case.

Before the suit of A. West & Son against the defendant was begun in Warren county, A. West & Son had filed a statement for a mechanic's lien for the services claimed therein, in Polk county, where the work was done, and an action in equity had been brought thereon in the name of Ewing & Jewett against A. West & Son, this defendant, and others, which action was pending at the time the affidavit in question was made by the defendant in the case against him in Warren county. It is claimed that the district court of Warren county had no jurisdiction in the action pending there, because of the action in equity then pending in Polk county. The defendant was at the time a resident of Warren county. Notice was properly served upon him there, and he appeared in that action, and before answer, and before any question was raised as to the jurisdiction of the court, filed the affidavit in question. The action there was a personal action. In Polk county he was a co-defendant with A. West & Son in an action *in rem,* and whether a personal judgment was therein prayed against him the records do not disclose. All requirements necessary to give the court in Warren county jurisdiction of the person of the defendant had been compiled with, and the defendant in the action was before the court with his application for a cost bond. That the court had complete jurisdiction of the

defendant seems to us clear. Conceding that the actions were such that a plea in abatement would lie under the statute, the court, having properly acquired jurisdiction of the case, would retain the same until some reason was shown why it should not further do so. The rule contended for by the defendant, that the court first acquiring jurisdiction of a particular case will retain the same to the exclusion of another court of concurrent jurisdiction, is not applicable to this case. Before this rule can apply, it must appear that the suits are between the same parties, seeking the same remedy. 12 Enc. Pl. & Prac. 153; *Guest v. Byington,* 14 Iowa, 30. Where this is shown, public policy and the stability and certainty of judicial action demand that the court first acquiring jurisdiction have exclusive right to finally hear and determine the controversy.

The question of the jurisdiction of the district court of Warren county in the civil suit in question was one of law for the court to determine under the evidence and record before it, and it did not err in directing the jury that the court had jurisdiction to hear and determine the application for a bond for costs.

The court instructed the jury that the matter in the affiadvit for a cost bond charged to be false and untrue was a material matter in the proceedings then pending, and complaint is made of this. This instruction is fully supported by *State v. Caywood,* 96 Iowa, 367; *State v. Swafford,* 98 Iowa, 362.

The court also instructed the jury that the clerk of the court in Warren county, who administered the oath to the defendant, had the "right and authority to do so." This was purely a question of law, and the instruction was correct.

The evidence conclusively shows that the defendant swore to his affidavit before A. V. Proudfoot, who was at the time clerk of the district court of Warren county. On

the trial the affidavit, with the clerk's jurat annexed, was put in evidence, and the signature of the clerk was proven by other evidence. The court told the jury that the proof showed that A. V. Proudfoot was the duly-elected clerk. The defendant says there is no evidence to sustain this. In this he is wrong. The certificate of the clerk, on proof of the handwriting of his signature thereto, is competent and sufficient *prima facie* evidence of the jurat, and that he performed the duties of the cleark, which was sufficient. 2 Wharton Criminal Law, section 2272. The judgment is AFFIRMED.

GRANGER, C. J., not sitting.