HENRY JERNIGAN V. THE STATE.

No. 2164.   Decided May 29, 1901.

1.—Perjury—Indictment—Allegation as to Materiality.

In drawing an indictment for perjury, the pleader may state all the facts that go to make the alleged false statement material, or may simply allege that the said testimony upon which the perjury is predicated is material, and in either event the indictment will in that respect be sufficient.

2.—Same—Evidence—Res Gestae.

On a trial for perjury, it is competent for the State to prove any statement made by the defendant which is res gestae to the original statement upon which the perjury is assigned.

3.—Bill of Exceptions to Excluded Evidence—Sufficiency.

A bill of exceptions to excluded evidence, to be sufficient, should state the testimony expected to be elicited from the witness; and also the object sought by its introduction.

4.—Perjury—Charge of Court.

On a trial for perjury, where the issue was, whether the outhouse in which the gaming took place had a roof upon it or not, it was proper for the court to instruct the jury that the facts assigned as perjury were material; because if the house had no roof upon it, it would not be an outhouse as alleged in the indictment.

5.—Absence of Statement of Facts—Presumption as to Charge of Court—Practice on Appeal.

In the absence of a statement of facts, the court, on appeal, will presume that a charge which submits facts provable under the indictment is correct.

Appeal from the District Court of Hamilton.   Tried below before Hon. W. J. Oxford.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion sets out the indictment.   There is no statement of facts in the record.

*Eidson & Eidson*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at two years confinement in the State penitentiary.

The charging part of the indictment is as follows: "That on or about the 14th day of January, A. D. 1901, and anterior to the presentment of this indictment, in the county of Hamilton and State of Texas, and before a regular term of the county court holden in and for and then there in session in said county of Hamilton, the Hon. J. C. Main, the legally qualified judge of said court, presiding, and in a certain criminal judicial proceeding, of which the said court then and there had jurisdiction, wherein the State of Texas was plaintiff and Charlie Williams was defendant, and wherein Charlie Williams was duly charged by information with the offense of having unlawfully

played at a game with cards in a certain outhouse where people did then and there resort, and which said offense was, by said information, alleged to have been committed in Hamilton County, in the State of Texas, and on or about the 1st day of December, 1900, and wherein issue was duly joined between the said State of Texas and the said Charlie Williams, came on to be tried in due form of law, and was then and there tried before the said judge and a jury in that behalf duly sworn, and Henry Jernigan then and there appeared as a witness in behalf of the said State of Texas, plaintiff, and was then and there duly and legally sworn, and did take his corporal oath before the said judge and jury as a witness to testify in said cause, which oath was then and there required by law, and necessary for the ends of public justice, and which said oath was then and there administered to him, the said Henry Jernigan, by the Hon. J. C. Main, judge of said court as aforesaid, then and there having sufficient and competent authority under the law to administer the said oath to the said Henry Jernigan in that behalf; and at and upon the trial of the said issue so joined between the said parties as aforesaid it then and there became and was a material question whether the outhouse at which the said Charlie Williams was so charged with having unlawfully played at a game with cards had or had not a roof upon the same that was whole and intact at the time of the unlawful playing by the said Charlie Williams at a game of cards in said outhouse, as alleged in said information aforesaid; and the said Henry Jernigan, being so sworn as aforesaid, then and there on the trial of said issue, upon his oath as aforesaid, did falsely, willfully, and deliberately, before the said Hon. J. C. Main, judge as aforesaid, and before the jurors so sworn as aforesaid, depose, state, and testify, amongst other things, in substance and to the effect following. That is to say, that the roof upon said house was one or two-thirds gone at the time of the playing at a game of cards in said house by the said Charlie Williams, as alleged in the said information in said cause then on trial, which said statement so made by the said Henry Jernigan, was then and there material to the issue in said cause; whereas, in truth and in fact said roof was whole and intact, and neither one-half nor two-thirds of the said roof, nor was any part of the said roof, gone at the time of such playing at cards by the said Charlie Williams as aforesaid,—was deliberately and willfully made, and was deliberately and willfully false, as he, the said Henry Jernigan, then and there well knew, against the peace and dignity of the State."

We think the indictment is sufficient, complying with the approved forms and precedents. Washington v. State, 22 Texas Crim. App., 26; Partain v. State, 22 Texas Crim. App., 100; Willson, Crim. Forms, sec. 122. · In Waul v. State, 33 Texas Criminal Reports, 228, we held that the word "house," when used in relation or in connection with the crime of perjury, means, in its ordinary signification and use, any structure which has walls on all sides and is covered by a roof; and the definition of "house," as used in the Penal Code in defining the

offense of burglary and arson, is insufficient and can not be made to apply. In that case the proof shows that the house had no roof at all. If the facts in this case were before us, it might show the fact sworn by defendant was not a material inquiry; but, in the absence of said facts, we can not say that the allegation in the indictment is not a material inquiry, but must presume it was. If the facts upon the trial of the case had shown that the only question at issue was whether or not the house at which the playing was done was an outhouse, and whether said outhouse had a roof with one-third or two-thirds of the same gone, then this would not have been a material inquiry. We do not understand the Waul case, supra, to hold that, where a part of the roof is gone, the structure would be any the less a house, within contemplation of law, for in that case the walls had no character or kind of roof, and had never had, and was simply an inclosure, or character of yard, back of a saloon. But, in the absence of the facts, we can not say whether the allegation upon which perjury was predicated was material or not. The pleader, in drawing an indictment for perjury under the above authority, has the option of stating all the facts that go to make the testimony material in the indictment, or resting upon the simple statement that said testimony upon which the perjury is predicated is material. He has seen fit, in the presentation of the indictment, to allege the testimony was material, without showing how or wherein the same is material. This being the case, as stated, we can not say whether the testimony is material or not, in the absence of the facts. We can readily imagine various statements of evidence that would make the allegation in the indictment material.

In bills of exception numbers 1 and 3 appellant complains that the court erred in permitting the State to show that appellant stated, in addition to the facts assigned as false at the time the perjury is alleged to have been committed, that he did not consider that thing (meaning the outhouse in question) a house. This is a part of the original statement upon which the perjury is predicated, and is clearly a part of the res gestae, and gives pertinency and force to the statement upon which the perjury is predicated. McClain Crim. Law, sec. 2108, foot note 7. Furthermore, the bill is not sufficient to properly present the matter, the ground of the bill being that the evidence is irrelevant and immaterial. Thomp. on Trials, sec. 2805.

Bill number 2 complains that the court erred in refusing to permit appellant to ask the witness Hambright if defendant was intoxicated when he was presentt at the house where the card game was played. The bill is defective in not stating what the answer of said witness would have been. Moore v. State, 35 Texas Crim. Rep., 574; White v. State, 32 Texas Crim. Rep., 625.

Bill number 4 complains of the court's charge in stating the facts assigned as perjury were material. We do not think there was any error in this. In Williams v. State, 28 Texas Criminal Appeals, 301, the issue was not whether the house had a roof, but whether it was an

outhouse or not. The issue here was whether the house had a roof. If it did not have a roof, then, under the authority of the Waul case, supra, it would not be an outhouse. Then clearly it was material, and the court did not err in so instructing the jury. Foster v. State, 32 Texas Crim. Rep., 39; Washington v. State, 23 Texas Crim. App., 336; Jackson v. State, 15 Texas Crim. App., 579.

Bill number 5 complains that the court erred in not peremptorily instructing the jury to bring in a verdict of not guilty, because the facts upon which perjury was assigned were not a material inquiry in the trial of the Charley Williams case. In the absence of a statement of facts, we can not pass on this question. Bryant v. State, 33 Texas Crim. Rep., 594. The charge of the court submits facts provable under the indictment, and in the absence of the facts we must presume the charge is correct. Zamora v. State, 33 S. W. Rep., 135; Lige v. State, 37 S. W. Rep., 329. No error appearing in the record, the judgment is affirmed.

*Affirmed.*