STATE OF IOWA, Appellee, v. ALEX MUTCH, Appellant.

No. 40981.

June 23, 1934.

Rehearing Denied December 13, 1934.

McCoy & Beecher, for appellant.

Edward L. O'Connor, Attorney General, and Walter F. Maley, Assistant Attorney General, for appellee.

Anderson, J.—An indictment was returned by the grand jury of Black Hawk county, Iowa, on the 16th day of September, 1930, charging the defendant-appellant, Alex Mutch, with the crime of perjury; the defendant being charged with the commission of the crime of perjury by testifying as a witness falsely upon the trial of a case entitled State of Iowa v. Jacob Luther Manly, then pending and being tried in the district court of Black Hawk county, Iowa; the testimony of the defendant charged as perjury being as follows:

"That on or about March 11th, 1930, he (Alex Mutch) cashed a check for E. C. Johnson in the amount of Three Hundred Thirty-four Dollars and Sixty Cents ($334.60), payable to E. C. Johnson, drawn on the Farmers Savings Bank of Bremer, Iowa, and signed A. Jahnke by J. E. O'Connor, which check was introduced in said case as States Exhibit 'A.' That said check was brought to the Bartles-Shepard Filling Station where defendant was employed, by E. C. Johnson; that the said E. C. Johnson was not the same person as Jacob Luther Manly, defendant in the case of State v. Jacob Luther Manly; that on said date he did not cash the check for the said Jacob Luther Manly, and that the said Jacob Luther Manly was not present at the time said check was cashed; that he did not know at the time of cashing said check who E. C. Johnson was."

The defendant entered a plea of not guilty to the crime charged in the indictment, and the case was tried to a jury resulting in a verdict finding the defendant guilty of the crime as charged in the indictment. A motion for a new trial was overruled and judgment was entered and sentence pronounced upon the verdict. The defendant appeals.

The first proposition relied upon by the defendant is that the court erred in overruling the defendant's motion for a new trial and in entering judgment on the verdict for the reason that the evidence was wholly insufficient to warrant the court in submitting the case to the jury, and that the court erred in so doing; that there was no evidence, except the contradictory statement contained in the affidavit of the defendant, tending to prove the guilt of the defendant.

The trial of the case of State v. Manly was had in April, 1930, and there is no controversy in the record as to the fact that the defendant, Mutch, as a witness in that case testified to facts substantially as set out in the indictment. Manly was charged with the larceny of hogs, and the check in question was claimed by the state to represent the selling price of the stolen hogs. It was, without question, cashed by the defendant, Mutch, at an oil station at which he was employed at Waterloo, Iowa, on or about March 11, 1930. On the 19th day of March, 1930, the defendant, Mutch, signed and swore to an affidavit which was in the following language:

"State of Iowa, Black Hawk County, ss.

"I, A. Mutch, being first duly sworn on oath do say that I am employed by the Bartles-Shepard Oil Company, and am working as an attendant at one of the company's service stations at South and 5th Streets in the City of Waterloo, Iowa.

"That on or about November 15th, 1929, while I was on duty at said service station, I cashed one check No. 557, in the amount of Two Hundred Twenty One Dollars and Sixty Cents ($221.60), drawn on the Farmers Savings Bank of Bremer, Iowa, for one Jacob Manly who represented himself as H. C. Johnson.

"That on or about March 11th, 1930, while on duty at the same Oil Service Station, I cashed one check No. 1172, in the amount of Three Hundred Thirty-four Dollars and Sixty Cents ($334.60), drawn on the Farmers Savings Bank of Bremer, Iowa, for Jacob Manly who represented himself to me as E. C. Johnson. I have been

personally acquainted with Jacob Manly referred to herein for about twenty years.

"I have read the above statement, and it is true, and I make and sign the same of my own free will without fear or promise of reward.

"A. Mutch.

"Subscribed and sworn to before me by the said A. Mutch this 19th day of March, A. D. 1930. Emil A. Steffen, Notary Public in and for Black Hawk County, Iowa."

This affidavit was identified and introduced in evidence by the state in the trial of the present case. There were other testimony and circumstances corroborating the facts stated in this affidavit. One Parker Lichty, who operated the filling station where the defendant was employed and where the check was cashed, testified that the defendant gave him the check in question and requested him to obtain the money upon it; that he did cash it and gave the money to the defendant, Mutch; that at the time the defendant gave this witness the check to cash, he (Mutch) told the witness to get it cashed for Jacob Manly. "He told me he had received the check from Jacob Manly, and asked me to get the cash at the bank for him. I presented the check at the bank, received the money thereon and turned the same over to Alex Mutch." The record also shows that Jacob Manly was a patron and frequent visitor at the oil station where the defendant, Mutch, was employed; that when Manly was arrested for the crime of larceny he was arrested at the oil station in question; that he bought gas and oil at the station and had a tire stored in the basement. There was testimony on the part of the defendant attempting to prove that Manly was not in the vicinity of Waterloo on or about the time the check in question was cashed, but there was other testimony on the part of the state, from disinterested witnesses, to the fact that he was either in Waterloo or in that vicinity at the time the check was cashed.

The appellant contends, as we have indicated, that there is not sufficient evidence corroborating the former sworn statement of the defendant upon which to base a conviction for perjury. It is true that the general rule is that a statement of the accused directly contradicting that upon which the perjury is assigned is not sufficient evidence of the falsity of the latter, and that other additional extrinsic evidence is necessary to establish its falsity. This rule has been announced in the text books as well as in the decisions of the

courts of various states. Bishop on Criminal Procedure (2d Ed.) section 931, announces the rule in the following language:

"Where on different occasions, the defendant has sworn both in affirmation and denial of the same thing, oath nullifies oath; and the rule that the testimony of one witness will not authorize a conviction does not apply. The further doctrine as to the effect of his contradictory statements, whether made on oath or not, is that in neither case are they alone a sufficient foundation for a conviction for perjury."

In McClain on Criminal Law, section 891, the following language is used:

"The two statements will simply neutralize each other; there must be some corroboration of the contradictory testimony. Such corroboration, however, may be furnished by evidence aliunde tending to show the perjury independently of the declarations or testimony of the accused."

In People v. Kennedy, 221 Mich. 1, 190 N. W. 749, the court announced the rule in the following language:

"There being no oral evidence of perjury other than the contradictory statements made to the officers, the conviction cannot be sustained *unless there are some corroborating facts and circumstances.*" (Italics are ours.)

In Richardson v. State, 45 Ohio App. 46, 186 N. E. 510, the court held:

"There should be at least one witness to the falsity of the matter assigned as perjury." See, also, Phair v. United States (C. C. A.) 60 F. (2d) 953; State v. Carter, 315 Mo. 215, 285 S. W. 971; Thompson v. State, 40 Okl. Cr. 251, 268 P. 314.

In the case at bar we are constrained to hold that the charge that the defendant committed perjury when testifying as a witness in the case of State v. Manly was sufficiently proven by his own affidavit, by the testimony of the witness Lichty, and by the facts and surrounding circumstances, to warrant a submission of the case to the jury, and sufficient to sustain the verdict of guilty as returned by the jury.

■ Complaint is next made by the defendant-appellant that the court erred in permitting the introduction in the record of the information and instructions of the court in the case of State v. Manly. It would seem that it was necessary and proper that these be admitted in the record to show the materiality of the alleged false testimony under the issues involved in the former case. There was no prejudicial matter contained in the court's instructions. There is no showing of prejudice, and no specific claim is made as to any part of the instructions being prejudicial or containing prejudicial statements. There is also no specific claim of error in the admission of such record called to the court's attention in the defendant's motion for a new trial. We conclude there was no error in permitting their introduction in evidence.

■ The appellant finally contends that the court erred in not permitting the jurors to be called as witnesses at the time of the submission of the motion for a new trial. It appears that the court, upon the application of the defendant, had made an order that the jurors be subpoenaed to give testimony as to misconduct in the jury room, and that upon the submission of the motion for new trial the court, over the objection of the state, refused to permit the oral examination of the jurors. It appears that the alleged misconduct of the jurors consisted of the reading and commenting upon the evidence contained in a transcript of the testimony taken in the trial of the case of State v. Manly. Ordinarily, under the circumstances here shown, the refusal of the court to permit the oral examination of the jurors would constitute error. Such was our holding in the case of Skinner v. Cron, 206 Iowa 338, 220 N. W. 341. In that case we held that grounds for a new trial based upon misconduct of jurors did not necessarily have to be established by affidavits, but in proper cases such grounds may be established by the testimony of the jurors or other witnesses, but under the circumstances in the present case such rule avails the appellant nothing. The transcript of the evidence in the former case was introduced in evidence in this case without objection, and the defendant's counsel in his argument to the jury stated that the transcript of the testimony in the case of State v. Manly would be before them for their consideration. And at the close of the arguments defendants' counsel asked that the transcript be sent to the jury room. Thus it will be seen that the alleged misconduct of the jury, if any, of which complaint is made, was in fact induced and consented to by the appellant himself. (It

is perhaps fair to say at this point that the attorney representing the defendant on the trial of this case in the lower court is not the same attorney as now represents the defendant in this court.)

It is our conclusion that no prejudicial error is shown in the record, that the case was fairly and fully submitted to the jury, and that its verdict should not be disturbed. An affirmance necessarily follows.—Affirmed.

CLAUSSEN, C. J., and EVANS, STEVENS, DONEGAN, KINTZINGER, and MITCHELL, JJ., concur.