STATE OF IOWA, Appellee, v. D. N. HIATT, Appellant.

No. 45772.

JANUARY 20, 1942.

REHEARING DENIED MAY 8, 1942.

Walter F. Maley and James E. O'Brien, for appellant.

John M. Rankin, Attorney General, and Jens Grothe, Assistant Attorney General, for appellee.

WENNERSTRUM, J.—The defendant was indicted, charged with the crime of perjury to which he entered a plea of not guilty. Upon trial he was found guilty and was thereafter sentenced. He has appealed to this court. The charge brought against the defendant grew out of alleged perjured testimony that the State asserts was given by the defendant in a prior trial of State of Iowa v. D. N. Hiatt. The earlier trial resulted in a conviction of the defendant on the charge of operating a motor vehicle while intoxicated. That case also has been appealed and an opinion relative to it is found in 231 Iowa 499, 1 N. W. 2d 664. The defendant in each of these cases is one and the same person.

Subsequent to the return of the original indictment the defendant submitted a motion to vacate, quash, and set aside the original indictment and an order was entered setting the indictment aside. The order as entered in the district court journal is as follows:

"The defendant being present in open court, the matter of the Motion to Set Aside the Indictment was taken up and submitted without argument by either the State or defendant. The Court sustains the Motion of the defendant. The indictment is set aside and the *Motion referred back* to the grand jury and the defendant is held to answer under the same bond as he is now held." (Italics supplied.)

The wording of the original order of resubmission of the case to the grand jury was the subject of extensive comment between the court and the respective counsel at the time of the trial of the case now before us on this appeal. It developed that the order as entered in the district court record had not correctly set forth the court's memorandum ruling as originally written in the court's calendar. The facts pertaining to the apparent error in transcribing the court's calendar entry were made the basis of a motion to quash the second indictment.

The defendant's motion to quash the indictment was based in part upon the ground that after the indictment was originally set aside there had never been a proper order of the district court entered resubmitting the case to the grand jury. The trial

court in ruling on this motion held "that until the record is signed by the Presiding Judge that there is no official record of the proceedings which are quoted in the Motion, \* \* \* and for that reason there is no official record such as counsel for the defendant in this case has set forth in his motion." The court further held "that until it is finally compared by the Clerk of this Court with the original entry of the Judge made in his Calendar from which it is copied, and approved by the signature of the Judge, that there is no official record of said proceedings. The record made by the Court in his Calendar from which said quotation is taken uses the word 'matter' instead of the word 'motion', and shows upon its face that the record, or the alleged record, unsigned record, is evidently a typographical error upon the part of the typist in the Clerk's office. \* \* \*."

I. It is the contention of the appellant that if there is no official record, as the trial court held, then the cause of action was never legally ordered resubmitted and the prior order setting aside the former indictment became final and absolute.

In State v. Hiatt, 231 Iowa 643, 1 N. W. 2d 736, wherein the defendant, who is the same person as in the instant case, was found guilty of the crime of subornation of perjury, we held under a procedural situation similar to the one in the present case that the motion to quash was properly overruled. We adhere to our finding in that case and consequently here hold that the motion to quash the indictment in the present perjury case was properly overruled.

II. The defendant also submitted for the court's consideration a demurrer to the indictment. The court overruled the demurrer, and we hold this ruling was proper.

The grounds of the demurrer to the indictment and the amendment thereto are substantially the same as those set out and commented upon in the subornation of perjury case in State v. Hiatt, supra. Our holdings and comments, relative to the demurrer therein made, are applicable to the present case and we adhere to the statements and holdings in division III of the Hiatt case last referred to.

III. The defendant asserts that the evidence was in-

sufficient to warrant a conviction. It is our judgment that the evidence presented fully justified the submission of this case to the jury for their consideration as to defendant's guilt. The State produced as witnesses several persons who were present shortly after the time it was claimed the defendant was operating an automobile while intoxicated. It was at the trial, which involved that charge, that the defendant testified that one Marion Brauer was driving the car rather than himself. The evidence in the present case shows that shortly before or at the time of the defendant's arrest he admitted, in substance, to the witness E. A. Burger, sheriff of Dallas County, that he had been driving the car and that at that time Burger said to him, "Don't you know you are not allowed to do those kind of things?" Defendant then replied, "Yes, but what are you going to do about it?" The witnesses, Burger, John Snyder and Anna Hunt testified that they had not observed any other person than Hiatt at the time and place of the accident and at the time the defendant made admissions as to his driving the car. There was also testimony presented at this perjury trial, by employees of Hiatt who testified to observing Marion Brauer in Des Moines on the evening that the Hiatt car had been apparently damaged in a wreck. These witnesses testified that there was a truck belonging to D. N. Hiatt at a motor freight terminal at the time they saw Brauer. Brauer was an employee of Hiatt and assisted the other employees in unloading a truck at the motor freight terminal. There was testimony that Brauer drove a truck away from the freight terminal that evening about the same time the other employees of Hiatt left this particular place. By reason of the testimony presented, it is our judgment that there was sufficient evidence to justify the court in submitting the case to the jury and to permit it to pass upon the question as to the defendant's guilt of the charge of perjury.

Our attention has been called to the comments made by this court in the case of State v. Mutch, 218 Iowa 1176, 1179, 255 N. W. 643, 644, wherein we stated:

"* * * It is true that the general rule is that a statement of the accused directly contradicting that upon which the

perjury is assigned is not sufficient evidence of the falsity of the latter, and that other additional extrinsic evidence is necessary to establish its falsity. \* \* \*." ᵃ

We conclude that there has been sufficient additional extrinsic evidence to establish the falsity of defendant's testimony in his first trial.

IV. It is claimed that inasmuch as the State had endeavored to show that defendant was intoxicated at the time alleged in the first trial and that fact had been adjudicated any statement that he may have made at the time or prior to his arrest on the first charge as to whether or not he was or was not driving the car had no probative value.

It is our judgment that the objections to this testimony were properly overruled. It is also our judgment that defendant's requested instruction that "any statements or admissions by the accused while in said state of intoxication are without any probative value as proof and do not rise to the degree or character of proof and cannot be considered by you as establishing the crime herein charged or any element of it", was properly refused.

In 22 C. J. S. 1247, section 730, we find the following statement:

"Declarations or admissions of accused are not rendered inadmissible by the fact that he was drunk when he made them, but such fact may be taken into consideration in determining their weight."

In Underhill's Criminal Evidence, 4th Ed., 538, section 272, the following statement is made:

"A confession is not inadmissible merely because made while accused was under the influence of alcohol, but this fact may be considered by the jury in determining the weight and credibility of the confession; \* \* \*."

Our own court in State v. Feltes, 51 Iowa 495, 497, 1 N. W. 755, 757, has passed upon this very question. It is there stated:

"Evidence that the defendant, at the time of the alleged

confession, was intoxicated or insane, was proper to impair or destroy the effect of the confession. The defendant was allowed to introduce such evidence upon cross-examination. But he complains that he should have been allowed to introduce it first, for the reasons above set out. In our opinion the court did not err. It was for the jury to determine what weight should be given to his confession, in view of his mental condition, as shown. Commonwealth v. Howe, 9 Gray, 110. The court, therefore, could not properly have excluded evidence of the confession. Nor do we think it was the defendant's right to show his condition first, by way of preparing the mind of the jury against any undue impression from the evidence of the confession. The time when the jury was made acquainted with it must, we think, be deemed immaterial. They must be presumed to have given the evidence in relation to it its due weight.''

See also Bell v. United States, 60 App. D. C. 76, 47 F. 2d 438, 74 A. L. R. 1098, and note, 1102.

We have given consideration to the cautionary instruction given by the court relative to verbal statements received in evidence. It is our judgment and conclusion that the defendant's interests were properly protected by the general instruction given.

We have also given careful consideration to the other claimed errors presented by defendant, and particularly his complaints as to the other instructions. We have concluded that the case was properly submitted to the jury, that the defendant had a fair trial and that there is no error in the record presented. We therefore conclude that the trial court should be and it is affirmed.—Affirmed.

BLISS, C. J., and HALE, MILLER, STIGER, OLIVER, and GARFIELD, JJ., concur.