STATE OF IOWA, appellee, v. DOLAN B. THOMPSON, appellant.

No. 50700.

(Reported in 117 N.W.2d 514)

October 16, 1962.

Morris & Morris, of Des Moines, and Watson, Elgin & Hoyman, of Indianola, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and J. W. Ritchie, of Indianola, County Attorney, for appellee.

THOMPSON, J.—On September 25, 1961, the defendant was placed on trial in the Warren District Court to answer a charge of perjury lodged against him by county attorney's information. The jury returned its verdict of guilty as charged, and on October 16 next the court entered its judgment on the verdict and sentenced the defendant as provided by statute. He appeals, assigning nine errors.

I. The first three errors are related, and we shall consider each of them in this division. The first asserts that there was error in admitting into evidence the testimony of S. E. Prall, who was the presiding Judge in an earlier civil action, Martin v. Thompson, in which the charged perjury of the defendant was alleged to have been committed. This action was a suit on a promissory note, and a check, known in this record as State's Exhibit 2, was introduced in evidence. The check, drawn by the defendant, which was in the amount of $500, bore in writing the notation "For one yearling stud colt and mare"; and it was the contention of the defendant here, who was also a defendant in the suit on the note, that it was given to apply on the note; while the plaintiff in that suit denied it was such payment. There was evidence in the civil suit, and also in the case at bar, that the words "and mare" were not on the check at the time it was given to the payee and by him deposited in the bank. The defendant testified in the suit on the note that the words were on the check when it was delivered to the payee. This is the fighting point in the case; and since the question of the materiality of the testimony of the defendant in the first case is not raised here, we shall not further state the facts.

It is the defendant's contention as to the first assigned error that Judge Prall should not have been permitted to testify as to the nature of the civil proceeding at which he presided, and further should not have been allowed to state his opinion that the question of the words on the check above referred to was a material issue in that case.

■■ Here the second assignment of error becomes material. It is that the record in the civil case, consisting of the pleadings, rulings of the court, and its instructions—the court file in the case, in fact—should not have been admitted in evidence, and Judge Prall should not have been permitted to use it in testifying and to explain its contents to the jury. The record of the preceding case was proper. State v. Mutch, 218 Iowa 1176, 1181, 255 N.W. 643, 645; Underhill's Criminal Evidence, Volume 3, section 822; 41 Am. Jur., Perjury, section 61, pages 33, 34; 70 C. J. S., Perjury, section 58, page 529. Also, parol evidence may be given by one who heard the false testimony even though a record exists. 70 C. J. S., Perjury, supra; Underhill's Criminal Evidence, supra.

■ The third assigned error is that the court should not have admitted the testimony of Harry Nelson, the court reporter, who reported the evidence in the civil trial. The reporter read from his shorthand notes that part of the testimony of the defendant, Thompson, given in the first suit, which pertained to the check Exhibit 2 and the notation written on it. This showed that the defendant testified strongly that the words "and mare" were on the check when it was delivered to the payee. The error claimed is that Nelson was permitted to read only portions of the transcript, which were fragmentary and incomplete, and quoted the defendant out of context. It is well established that the false statements of the defendant in a perjury action may be shown by the court reporter who took the testimony. 41 Am. Jur., Perjury, section 61, page 34; Underhill's Criminal Evidence, Volume 3, section 822, pages 1852, 1853; 70 C. J. S., Perjury, section 58, page 529. In the latter authority it is said: "* * * such portions of the record as are necessary to show what the false testimony was may be read by the court reporter."

The complaint that only portions of the testimony were introduced is answered by reference to the record, which in connection with the testimony of the witness Nelson shows this from defendant's counsel: "We move to strike, Your Honor, all of the testimony from this witness which did not refer to Exhibit C [this being the designation of the check Exhibit 2 in the civil suit] for the reason that the same is prejudicial to the defendant,

has no probative value, and not among the proper methods of proof of the elements of the charge." The court sustained this motion. In conformity to this ruling, the court then requested the county attorney to refrain from questioning the witness on matters not relevant to the check.

So the defendant himself objected to other portions of the transcript which had no bearing on the alleged false testimony. He cannot now complain that the entire transcript was not offered; and indeed it seems evident that it was only that part dealing with testimony of the defendant as to the check in question that was material to the issues in the instant case.

We return to the first assigned error. As we understand it, here the defendant claims Judge Prall should not have been permitted to testify as to the nature of the civil proceeding or to express his opinion that the question of the writing on the check was a material issue therein. The defendant cites three authorities: State v. Brown, 128 Iowa 24, 102 N.W. 799, State v. Swafford, 98 Iowa 362, 67 N.W. 284, and State v. Caywood, 96 Iowa 367, 65 N.W. 385. They do not reach the point. Each holds that it is the rule in Iowa that in a prosecution for perjury the materiality of the alleged perjured statements when made is a matter of law for the court. None of them holds that opinion evidence may not be received on the question of materiality. There is, however, some slight authority for the contention. In 70 C. J. S., Perjury, section 57, page 529, it is said: "The opinion of a witness who heard the testimony is not admissible as evidence to prove its materiality or lack of materiality." The only support for the statement cited is two early Texas cases, Foster v. State, 32 Tex. Cr. 39, 22 S.W. 21, and Washington v. State, 23 Tex. App. 336, 5 S.W. 119. Whether this rule would be followed in Iowa in view of our discussion and holding in Grismore v. Consolidated Products Co., 232 Iowa 328, 5 N.W.2d 646, in which we held that expert evidence may be received if it will aid in the decision of the issues and the witness is duly qualified to give it; that the objection that it invades the province of the trier of the issues is no longer tenable; and that the trial court has a considerable discretion in determining whether it may be permitted, we do not find it necessary to decide. We agree that the question of the

materiality of the issues in the civil case was for the trial court; the records in that case were before it; the defendant does not claim that the notation on the check was not in fact material in the first case; and the trial court had the duty to decide the question as a matter of law. The entire record shows no possible inference that it was not material.

We quote from 24B C. J. S., Criminal Law, section 1915 (15), pages 104, 105: "Error in the admission of opinion evidence may be regarded as harmless * * * as where the opinion * * * relates to a fact which is not in dispute, or is manifest." The trial court here instructed the jury that the testimony given by the defendant as a witness in the former trial was material evidence. In fact, the record of the civil trial shows that Judge Prall considered the issue to be a material one therein. His opinion testimony in the case at bar added little if anything to what was shown by the record in the first case, which we have held was properly admitted in evidence. Viewing the question as a matter of law, as it was the duty of the trial court to do, the materiality of the testimony given in the civil case is manifest and was not in dispute. No error appears at this point.

II. At the adjournment of the trial on the second day the court did not admonish the jury as required by sections 780.21 and 780.22 of the Code. This coming to the court's attention shortly, an attempt was made to reconvene the jury for that purpose; but only ten jurors appeared. These were duly admonished; but the defendant thinks reversible error appears. We do not agree. A proper admonition had been given at adjournment following the first day of the trial, and evidently at least once before that, since the admonition then given reminded them of a previous one. The defendant called the court's attention to the absence of the two jurors, but made no motion for mistrial and no objection to the procedure adopted. We discussed a similar situation in State v. Jensen, 245 Iowa 1363, 1369, 1370, 66 N.W.2d 480, 483, where we said: "Ordinarily technical defects in procedure do not call for reversal unless it appears they have in some way prejudiced the complaining party." There is no showing, or attempt to show, that any prejudice resulted here. See also

Finley v. United States, C. C. A., 5th Cir., 271 F.2d 777, 780, and State v. Hines, 6 Utah 2d 126, 307 P.2d 887, 889.

III. Error is predicated on the failure of the trial court to strike a statement read from the record of evidence in the civil trial by the reporter Nelson, to the effect that the defendant had given the plaintiff in that case, Martin, a check which "bounced". It is argued here that this "obviously is evidence of what might be construed as a crime, namely the issuance or utterance of a false check which is a felony in the State of Iowa." Authorities holding that other offenses may not be shown in a trial of one accused of a crime are cited.

We need only point out that this contention was not made in the trial court. The objection to the testimony was "We object to this * * * for the reason that the testimony being read is prejudicial, and for the further reason that it is incompetent, irrelevant and immaterial and has no probative value; none of the testimony presently being read goes to the issues on trial before this jury." This objection was made after the testimony was already in the record. Then came the motion to strike: "We move to strike * * * all of the testimony from this witness which did not refer to Exhibit C for the reason that the same is prejudicial to the defendant, has no probative value, and not among the proper methods of proof of the elements of the charge. The same is prejudicial to the defendant."

Objections to testimony already given come too late and in any event they did not raise the specific point now relied upon. The objection "incompetent, irrelevant and immaterial" is generally insufficient to point out specific grounds to the court, and the same is true of the statement "it has no probative value" so far that it does not specifically designate the objections to the incompetency of the evidence because it tends to show the commission of another crime is concerned. Ferris v. Riley, 251 Iowa 400, 410, 411, 101 N.W.2d 176, 182, and citations. The trial court is entitled to know the specific point on which the evidence is thought to be incompetent or lacking in probative value. As to the objection that offered evidence is "prejudicial", it raises no question whatever. Most evidence in any case is, or is hoped to

be, prejudicial to one party or the other. It is only if it is "erroneously prejudicial" that it is improper.

 Nor do we think the mere fact that a check "bounced" in itself shows the commission of a criminal offense. There are many circumstances under which the nonpayment of a check for lack of sufficient funds does not make the drawer guilty of a criminal offense; as where it is not given for a present consideration. We find no error at this point.

 IV. Continuing, the defendant asserts error was committed in the admission of Exhibit S-3, an enlarged photostatic copy of a microfilm of the $500 check, Exhibit S-2, which as offered contained the disputed notation "and mare". It is urged the photograph was not the best evidence. Donald J. Tew, cashier of the South Des Moines National Bank, of Des Moines, testified that Exhibit 2 was drawn on that bank, and was paid and charged to the defendant's account on August 23, 1960. He said that such checks are microfilmed at the bank in the ordinary course of its business, and that he had examined the microfilm of the check in question and that Exhibit S-3 was a photostatic copy of the microfilm. He further testified that Exhibit S-3 is not the same as Exhibit S-2 because the check when it came into and was paid by the bank did not have the words "and mare" written on it. This is shown by the photostatic copy, Exhibit S-3.

Duane L. Barton, an examiner of questioned documents for the Iowa Bureau of Criminal Investigation, testified that he made the photographic enlargement of the microfilm testified to by the witness Tew, and admitted into the record as Exhibit S-3, and that it is a photostatic copy of the microfilm as shown by records of the bank. It was his opinion that all the writing on the check S-2 was made by the same individual.

Section 528A.3 of the Code provides for admissibility in evidence: "Any writing or record, or a photostatic or photographic reproduction thereof, of any bank whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of said act, transaction, occurrence or event, if made in the regular course of business." This seems to answer fully the defendant's argument. The question was discussed and

decided in United States v. Manton, C. C. A., 2d Cir., 107 F.2d 834, 844, 845, where similar photostatic copies of checks from bank records were received in the trial court, and the appellate court approved, under a federal statute quite similar in substance to our section 528A.3, supra.

There is also an interesting discussion of the "best evidence" rule, upon which the defendant relies in the case at bar. It is said: "And if it appear, as it does here, that what is called the secondary evidence is clearly equal in probative value to what is called the primary proof, and that fraud or imposition, reasonably, is not to be feared, the reason upon which the best evidence rule rests ceases * * *."

The defendant complains that the photograph is not a true representation, because it is enlarged. It is often the practice of expert examiners of documents to enlarge photographs of them, for the purpose of closer study and pointing out their salient characteristics. We see no material difference between a photostatic copy, exact size, and an enlargement. The point is, is it a true photograph? Does it show exactly what is on the microfilm? There is no complaint or evidence that it does not in this case. It is understandable that the defendant is not happy with the evidence of this mechanical informer, or that he thinks it was highly prejudicial to him; but we find no reason for saying it was erroneously so. Indeed, it seems proper and highly convincing evidence. The assigned error is not well taken.

V. The defendant contends that the State failed to show by the proper quantum of proof the falsity of the statement testified to by the defendant upon the civil trial. He cites State v. Wood, 17 Iowa 18; State v. Clough, 111 Iowa 714, 83 N.W. 727; State v. Mutch, supra, 218 Iowa 1176, 255 N.W. 643. He urges that falsity must be shown by at least two witnesses, or if by only one that his testimony must be strongly corroborated by facts and circumstances which support him. Much of his case at this point is based upon the contention that the photograph of the bank microfilm should not have been received. With this we disagree, as shown in the preceding division.

It is an inescapable conclusion that falsity was strongly shown. There was competent evidence that the question whether

the words "and mare" were written upon the check at the time it was delivered by the defendant to the payee Martin was a material one in the civil case. There is evidence the defendant testified under oath in that case that the words were in fact on the check when it was delivered. There is evidence in the case at bar that such testimony was false, because the photograph of the check as it came to the drawee bank and was there paid does not show the words.

We said in State v. Clough, supra, loc. cit. 111 Iowa 715, 83 N.W. 727: "The law is well settled that the required corroboration may be furnished by facts and circumstances, as well as by direct and positive testimony." See also State v. Mutch, supra, loc. cit. 218 Iowa 1180, 255 N.W. 644, 645. It is difficult to conceive of stronger circumstances than those shown here. The fighting point in the case was whether the defendant testified falsely in the first case that the words "and mare" were written on the check when delivered. It is not disputed that he so testified; the bank's records show the testimony was false.

So with the claim that there was a lack of proof that the false testimony was wilfully given. As we have pointed out, there was evidence the words were written on the check after it had been delivered and paid at the bank; that is to say, after it was returned, canceled, to the defendant. There is also evidence that the disputed words were in the same handwriting as the remainder of the check, which means that of the defendant. It is difficult to believe, if the words were placed on the check after it was returned to him, that he did not wilfully testify to the contrary. The circumstances clearly justified the submission of the issue to the jury.

VI. Further complaint is made and error assigned upon the conduct of the county attorney in argument. It is urged that his reference to the failure of the defendant to present character witnesses was prejudicial and resulted in denial of a fair trial. The abstract of record, as amended, shows that in his closing argument the county attorney said: "Now if I were speaking of additional witnesses, I want to make this additional comment: Dolan Thompson is here. He was the only witness

who testified on his behalf. He has no witnesses who testified, who testified for him in matters of character."

At this point defendant's counsel objected that the argument went beyond the record, and was prejudicial to defendant. The court denied the objection, saying "It is rebuttal". However, after further colloquy, the court advised the county attorney he had "pursued that far enough" and apparently nothing further was said about character witnesses.

The arguments of defendant's counsel were not reported, and so we have no way of knowing, except from the remark of the court "It is rebuttal", whether the county attorney's argument was in response to something said by them. The statement of the court tends to indicate that it was. State v. Rutledge, 243 Iowa 179, 199, 47 N.W.2d 251, 263, is in point. It is there said: "Under such circumstances * * * it will be presumed the prosecutor's argument was a legitimate response to the argument for defendant." See also State v. Johnson, 221 Iowa 8, 19, 20, 264 N.W. 596, 601, 602.

VII. Although the defendant assigned error upon the refusal of the trial court to grant a continuance, the point is not argued. However, we have considered it, and have studied the entire record in the case in accordance with Code section 793.18, and conclude the defendant had a fair trial in all respects.—Affirmed.

All JUSTICES concur.