STATE of Iowa, Appellee,

v.

Timmothy Keven RANK, Appellant.

No. 56287.

Supreme Court of Iowa.

Jan. 16, 1974.

Patrick W. Brooks, of Marshalltown, for appellant.

Richard C. Turner, Atty. Gen., Dennis E. Jontz, Asst. Atty. Gen., and Ronald M. Kayser, County Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

Defendant was found guilty in Marshalltown municipal court of criminal trespass, in violation of what is now chapter 729, The Code, 1973. Upon conviction of this simple misdemeanor defendant was fined $100. He appeals and we affirm.

In this case the virtually uncontroverted evidence discloses that defendant, "high" on a controlled substance, entered the Marshalltown police station uninvited, and of his own volition described how he broke a window in a downtown business building. He was not in custody. The crucial admission was volunteered and not in response to interrogation.

Those operative facts drained defendant's cause of all subsequent viability despite the innovative and skillful ministra-

tions of his counsel. We have examined the various errors urged by defendant, but here treat briefly only those we deem to have arguable merit.

■ I. After the police officer to whom defendant talked grasped the import of the latter's communication he attempted to give him the *Miranda* warnings. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This was difficult because defendant would not listen, could not sit in one place long enough, and said he "didn't care" about his rights.

Ignoring the fact these warnings seem to have been given at the earliest time their need became apparent, defendant argues we should overrule State v. Gabrielson, 192 N.W.2d 792 (Iowa 1971), cert. denied, 409 U.S. 912, 93 S.Ct. 239, 34 L.Ed.2d 173 (1972), and hold such warnings are required in misdemeanor cases. The events disclosed by this record do not require us to re-examine our holding in *Gabrielson.*

There is substantial evidence defendant was given the *Miranda* warnings, albeit in a piecemeal fashion. This circumstance refutes defendant's contention there was "charge shopping"—the reduction of the charge to a misdemeanor to cover a police failure to provide defendant his Fifth Amendment rights. See Note, 22 Drake L.Rev. 184, 192 (1972). There is no indication failure on preliminary hearing to bind defendant over on a felony charge of malicious injury to a building (§ 714.1, The Code) was motivated by that consideration.

II. Defendant made a pretrial motion to suppress his police station statements, urging three grounds: 1) they were made absent the *Miranda* warnings, 2) they were made absent a knowing and voluntary waiver of his *Miranda* rights, and 3) he was unable, because of his physical and mental condition, to make a valid waiver of those rights.

When the motion came on for hearing, the municipal court required defendant to first present his evidence in support of his motion, evidently on the theory defendant was required "to make a prima facie case * * * and then the burden shifts to the State * * *."

■ It is now clear, of course, that when the confession of a criminal defendant is challenged at a pretrial suppression hearing as involuntary, the burden is on the State to prove by a preponderance of the evidence the confession was voluntary. Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); State v. Fetters, 202 N.W.2d 84 (Iowa 1972). While procedurally the proper method would logically require the party with the burden of persuasion to present its evidence first, failure to follow this format would not necessarily constitute reversible error. Commonwealth v. Rundle, 429 Pa. 141, 239 A.2d 426 (1968).

■ Here defendant introduced by transcript from a prior hearing the testimony of the initial interviewing police officer. It abundantly established the above facts surrounding defendant's admissions. Had the State produced its evidence first, without doubt the same testimony would have been elicited. All of the evidence, both at the hearing and at the trial, was sufficient to establish defendant was not in custody or detained when he volunteered the information sought to be suppressed. Technical defects in procedure do not call for reversal unless it appears they have in some way prejudiced complaining party. State v. Thompson, 254 Iowa 331, 337, 117 N.W.2d 514, 517 (1962); State v. Kelly, 253 Iowa 1314, 115 N.W.2d 184 (1962); State v. Jensen, 245 Iowa 1363, 66 N.W.2d 480 (1954).

■ Controlling here is the following from *Miranda,* supra, 384 U.S. at 478, 86 S.Ct. at 1630, 16 L.Ed.2d at 726:

"There is no requirement that police stop a person who enters a police station and states he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."

To the same effect, see State v. Brown, 176 N.W.2d 180 (Iowa 1970).

We hold the error, if any, in requiring defendant to first offer some evidence relating to his suppression hearing was without prejudice in this instance. Trial court's ultimate ruling indicates the burden of persuasion was never lifted from the State. Nothing in this record shows defendant was entitled to *Miranda* warnings. Because his Fifth Amendment rights were irrelevant to his out-of-custody volunteered statements, the related issues of his waiver or ability to waive those rights are moot.

III. Defendant does not raise among his "questions presented on appeal" any issue relating to his mental state as it would affect the voluntary nature of his admissions. In any event, the mere fact defendant was under the influence of a self-administered drug does not render his statements inadmissible although it might affect the weight given such evidence by the fact finder. See State v. Hiatt, 231 Iowa 655, 1 N.W.2d 734 (1942); State v. Feltes, 51 Iowa 495, 1 N.W. 755 (1879); Commonwealth v. Smith, 447 Pa. 457, 291 A.2d 103 (1972); Annots., 69 A.L.R.2d 361, 364–68 at § 3; 384, 388–89, at § 3 (1960, Later Case Service 1967, Supp. 1973). Neither does defendant suggest his statements were made because of coercion, threats, promises, or other wrongful inducement.

The judgment of the trial court is therefore affirmed.

Affirmed.