[Crim. No. 1798.   Second Appellate District, Division One.—July 22, 1929.]

THE PEOPLE, Respondent, v. RALPH A. LEAVITT, Appellant.

94

C. Morton Booth and Proctor K. Perkins for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant was convicted on five counts, contained in two informations. In each instance the conviction is of burglary in the second degree.

The *corpus delicti*, of each crime, was fully established. The failure of the court, on certain occasions during the trial, to admonish the jury as required by section 1122 of the Penal Code, was an irregularity, but not shown to have been prejudicial to any right of the defendant.

The admission in evidence of the photograph, People's Exhibit 8, does not appear to have had any important bearing on the merits even if, as claimed, it should not have been admitted.

The principal grounds of appeal are that the court erred in admitting in evidence the testimony of one Liebhart, a police officer, concerning a purported confession of guilt, made to him by appellant; that without this evidence of a confession, there is no evidence tending to connect appellant with the commission of any of the alleged burglaries, except the testimony of an accomplice, one Curryer; that for these reasons, if the confession be excluded, the evidence is insufficient to support the verdicts.

Several witnesses testified to the effect that Liebhart, prior to obtaining the confession, told the defendant that it would "be much better for him" to make a confession. Liebhart, when examined about the same matter, was asked directly

if he made the said statement to the defendant. When pressed for an answer he finally said, "I wouldn't say positive whether I made it or not. It is possible." On the foregoing facts, we are satisfied that the court erred in admitting in evidence the said confession. In *People* v. *Barric*, 49 Cal. 342, prior to obtaining a confession from the defendant, it appeared that the sheriff, or his deputy, or someone in their presence, said to the defendant, "It will be better for you to make a full disclosure." The Supreme Court said that "the rule is without exception that such a promise made by one in authority will exclude a confession." ■ The burden is on the prosecution to show that a confession, sought to be proved in a criminal case, was the voluntary act of the defendant, not induced by promise or threat. We have read some of the later cases, where statements rather close to those made in this case have not been held sufficient to require the court to reject evidence of confessions. (*People* v. *Haney*, 46 Cal. App. 317, at pp. 322, 323 [189 Pac. 338]; *People* v. *Castello*, 194 Cal. 595, 599 [229 Pac. 855].) But we are satisfied that in the present case no proper exception to the rule is present.

■ Without the evidence of a confession made by the defendant, he could not have been convicted unless there was yet other evidence in addition to that of the accomplice, tending to connect the defendant with the commission of the crimes charged. That additional evidence, while possibly it is technically sufficient to support the verdicts, is not such as to clear the case from doubt as to what verdict should have been rendered. It follows that the error of the court, in admitting in evidence the purported confession, was a prejudicial error which reasonably may have resulted in a miscarriage of justice.

The judgments and order are reversed.

Houser, J., and Hollzer, J., *pro tem.*, concurred.