THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JESÚS MARRERO LAFFOSSE, Defendant and Appellant.

No. CR-63-341.     Decided June 30, 1967.

*José Torres Ortiz* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Irene Curbelo, Assistant Solicitor General,* for The People.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

In *Marrero Laffosse* v. *Marshal, Superior Court,* 89 P.R.R. 553 (1963), we had the opportunity to refer to the more important antecedents of this appeal related to the contention of lack of adequate legal assistance which was invoked as grounds in a habeas corpus proceeding to challenge the sentence of life imprisonment imposed on appellant for the crime of murder in the first degree. Relying on *Chamberlain* v. *Delgado, Warden,* 82 P.R.R. 287 (1961), we then held that the present appeal filed by Marrero constituted an adequate remedy to resolve said matter, especially considering that "the best way to show that the petitioner did not have an adequate legal assistance should arise from the actions of the attorney [appointed by the court] that was designated, as they appear from the transcript of the evidence." We specifically set forth that the evidence *aliunde* of the record of the criminal case, that is, proofs of the proceedings had in the trial court in the habeas corpus proceeding, in its fundamental aspects, and particularly in those in which there

was a conflict, did not establish the allegation of lack of adequate legal assistance.[1]

■ 1—The basic grounds which are now alleged to support the error of inadequate defense, not only reproduce what was previously alleged in the habeas corpus, but they further elaborate specific incidents of the transcript. A close examination of the records of *both proceedings*, convinces us that this assignment is untenable.[2] Under the circumstances of the case, the counsel appointed by the court had sufficient time to consult the defendant, to examine the witnesses whom the prosecutor proposed to present, and to prepare the defense evidence, as he in fact did. Although a murder in the first degree is involved, it is not truly a complicated case. The theories of the parties were simple, the usual and common ones in matters of this nature. The evidence for the prosecution sought to demonstrate that the defendant had caused the death of the victim, after lying in wait, without any provocation. The evidence of appellant tended to establish self-defense. An examination of the transcript does not reveal defenselessness; far from it, the attorney who assisted appellant did so in a competent, capable, diligent, and bright

---

[1] Among the facts that we then considered we find the allegations that counsel for the defendant expressly admitted that he was unprepared for the hearing and was ill during the trial, as well as his statements relating to his professional capacity. See footnote 8 of the opinion delivered in *Marrero Laffosse* v. *Marshal, Superior Court, supra.*

[2] For a better understanding of this assignment, we summarize below the salient facts of the action in relation to the information presented against the appellant.

. · The information which was filed on January 10, 1961, charged the defendant with having caused the death of a fellow creature on November 20, 1960. The arraignment took place on February 7, at which defendant appeared assisted by Mr. César Andreu Ribas. A term of fifteen days was granted to him to make his plea, and the hearing of the case was set for June 5, 1961. Since no plea was made, the court ordered that the plea of not guilty and a petition for a trial by jury be entered, confirming also the date set for hearing. On June 5, by stipulation of the parties and because the defense was not ready to enter trial, the hearing was suspended and it was provided that a new hearing be set by the

manner, always mindful of promoting those contentions which favored his position and of taking exception to the evidence which prejudiced him. If anything, what the cross-examination of the witnesses for the prosecution reveals is that he was well acquainted with the evidence.

■ Reference is made to various isolated incidents as examples of the lack of capacity and preparation of the attorney who defended appellant. We have examined them. They are mere trivialities in the majority of the situations, and in the others, it cannot be said that any one of them

---

Secretary. On or before August 3, the Secretary set September 27 for the trial. At 3:56 p.m. of September 26, the defendant again requested a continuance stating that (1) an essential witness for the defense could not be found, and, (2) that for the 28th defendant's attorney had a hearing in a civil suit, and "if trial of the criminal case was commenced . . . it would take several days to the prejudice of the other hearings which had been set after great hardships and diligence to accommodate the interests of all the parties in interest therein." The prosecutor objected to the continuance. The court transferred the hearing for the following Monday, October 2, and provided that in case Mr. Andreu could not appear on said day, W. Figueroa Vélez would be designated to represent the defendant. At this stage, Mr. Andreu announced that he was going to withdraw as counsel for the defense because he had made a previous appointment to represent certain defendant in the Aguadilla Court. On September 29, Mr. Andreu, in behalf of Marrero, appealed to us by way of a petition which he entitled writ of prohibition asking us to review the proceedings of the trial court; and to set aside the day set. We considered the petition as one for certiorari and we refused to issue the writ. On October 2, Mr. Figueroa requested a continuance because he was unprepared to assume the defense, to which the court acceded, postponing the beginning of the hearing for 2:00 p.m. Again a continuance was requested so that the attorney could confer with the witnesses for the prosecution. The trial was transferred to the following day, and said evidence was placed at his disposal. On this last occasion Mr. Figueroa informed that, as a result of his interview with the witnesses of the People, certain points had arisen which he considered necessary to investigate, but he did not explain to the court what these points were, nor did he establish their relevancy or the steps he had taken on that particular. In other words, the trial judge was not placed in a position to exercise his discretion. It was also alleged that the attorney was ill; the court expressed that he did not appear to be so. After the trial began—during the second day—recess was ordered at 4:00 p.m. to permit counsel for the defense to submit to certain laboratory analyses.

caused him substantial prejudice. We now repeat that mere errors or mistakes of the defender do not justify the setting aside of a judgment, unless the situation involved has rendered the trial into a farce or an obvious negation of justice. *People* v. *Díaz*, 87 P.R.R. 656 (1963); *People* v. *Torres*, 81 P.R.R. 659 (1960).

■ At the bottom of everything lies appellant's pretention of having been defended by an attorney of his own choice. We have always shared this view, but it cannot be used to obstruct the normal prosecution of a criminal proceeding, *People* v. *Rodríguez Correa*, 88 P.R.R. 635 (1963), particularly when, as in the present case, said fact did not prejudice the defendant because he had an adequate defense. Moreover, there is present here the additional circumstance that, at the request of the attorney appointed by the court, the lawyer chosen by the defendant was summoned and both conferred for more than an hour during a recess decreed by the court for that purpose. Although it is true that this conference took place before the hearing on the second day commenced, during the first day the jury was impaneled, and the only witness was the doctor who performed the autopsy of the victim. The evidence as to how the crime was committed had not yet been presented.

Let us now examine briefly the other errors assigned by appellant.

2—During the *voir dire* of one of the members of the jury, counsel for the defense asked him: ". . . Do you believe that the appellant should prove self-defense, or that it is incumbent upon the prosecutor to show that the death is unjustified?" When the prosecutor objected, the judge instructed the members of the jury present that it was incumbent on the State to establish free of reasonable doubt the guilt of appellant, and that the latter had nothing to prove.

It is set forth that the action of the court in not permit-

ting the question to be answered constituted an error because it prevented the jury from revealing its personal opinion on a point which could affect the rights of the defendant. The frivolity of this assignment is obvious. The question not only parts from a purely speculative premise, since it presupposes a particular answer, but it is altogether improper. No answer would have revealed the capacity of the jury to act as such or its real or implied bias. Sections 225, 226, and 227 of the Code of Criminal Procedure, 34 L.P.R.A. §§ 679, 680, 681. *Cf.* Rule 121 of Rules of Criminal Procedure of 1963; *People v. Vázquez*, 68 P.R.R. 62 (1948); *People v. Bernabe*, 50 P.R.R. 774 (1936).

3—The fourth error refers to the ruling of the court permitting the widow of the victim to testify that in her presence another witness—Joseph Berríos—told the defendant: "You have killed this man, hand in your weapon." It maintains that it involves hearsay evidence, and that it did not correspond accurately with the statements of Berríos. It is not necessary to elaborate on this assignment, for Berríos himself testified substantially the same, and in any event, it did not prejudice appellant.

4—Section 261 of the Code of Criminal Procedure, 34 L.P.R.A. § 740, required that "the jury must also, at each adjournment of the court, whether permitted to separate or kept in charge of officers, be admonished by the court that it is their duty not to converse among themselves, or with anyone else, on any subject connected with the trial, or to form or express any opinion thereon until the cause is finally submitted to them." Appellant maintains that on four different occasions the court failed to discharge its duty, which is imposed by the above-copied provision, in ordering adjournment without properly instructing the jury. It expressly refers to situations which appear on pp. 126, 168, 257, and 360 of the transcript of evidence.

It transpires from a reading of the transcript that on three of the occasions set forth the "suspension" of the court session was not really involved, it involved brief recesses for the following purposes: to permit counsel for the defense to read the testimony of the widow of the deceased in order to facilitate her cross-examination (p. 126), to attend other matters of the court (p. 168), and to permit the stenotypist to change the ribbon of the stenotype (p. 360). We have the impression that on all these occasions the jury remained in court and did not withdraw. As to the adjournment ordered at the end of the session of October 4 (p. 257), although it does not appear from the transcript that the corresponding admonitions were made to the jury, the corresponding minutes state that the session was adjourned until the following day "to permit the jury to withdraw freely to their homes *after pertinent legal warnings*." It seems therefore, that the facts do not seem to sustain the error assigned.

■ Although it can be said that on the occasions indicated the court failed to make the warnings, it does not constitute a ground for reversal unless it is shown that the defendant suffered any prejudice. It has thus been invariably held in California in interpreting § 1122 of the Penal Code, 50 West, Annotated California Codes 19, from which our § 261 was taken, *People* v. *Linden*, 338 P.2d 397, 411 (1959); *People* v. *Williams*, 275 P.2d 513 (1954); *People* v. *Leavitt*, 279 Pac. 1056 (1929); Stout, *Appellate Review of Criminal Convictions*, 43 Cal. L. Rev. 381, 403 (1955). The same rule prevails in other jurisdictions, *State* v. *Thompson*, 117 N.W. 2d 514 (Iowa 1962). Furthermore, the trial was prolonged for four days, and there were decreed at least seventeen adjournments. In all the other thirteen adjournments the court complied with the pertinent legal warnings, and it is easy to conclude that the jury was already sufficiently warned of the limitations which are prescribed for these situations. *Cf. People* v. *Goitía*, 41 P.R.R. 929 (1931), in which we de-

cided that when the jury has been admonished in regard to the conduct to be observed by them upon leaving the court room, the court is not bound at each subsequent recess to repeat word for word its previous admonitions; it suffices that it call the attention of the jury to its previous general warnings. We shall end by saying that appellant himself admitted that he cannot show that if the omissions set forth had been committed, he would have been prejudiced.[3]

■ 5—While the testimony of the defendant himself was being heard, the court refused to admit certain statements the latter made to a detective several hours after the facts occurred. The shots were fired about 9:00 p.m. The defendant was conducted, accompanied by Lydia Ríos, to a nearby police station, and from there he was conducted to the Municipal Hospital where he was offered medical attention. Again he was conducted to the police station in Loíza Street and afterwards he was moved to Police General Headquarters in Hato Rey. The defendant conversed with Mrs. Ríos, while he waited for the prosecuting attorney. The prosecutor and the detective arrived together. It was then when Marrero made the statements to the detective, which were excluded, and which were obviously of an exculpatory nature.

The guarantees of contemporariness and spontaneity, which could have justified his admission in evidence, are not present.

■ 6—The other errors assigned lack merit. An examination of the record shows that the intervention of the judge sought to clear up certain points in the testimonies offered in his legitimate function of seeing that the proceedings were conducted in an orderly manner. The objections to the instructions lack ground because the ones transmitted followed substantially the pronouncements of this Court in

---

[3] See *People* v. *Meléndez Burgos*, 90 P.R.R. 771 (1964) for the separation of the jurors after submitting the case for deliberation.

*People* v. *Méndez*, 74 P.R.R. 853 (1953); *People* v. *Blanco*, 77 P.R.R. 726 (1954), and *People* v. *Saltari*, 53 P.R.R. 850 (1938), and they adjust themselves to our most recent expressions in *People* v. *Túa*, 84 P.R.R. 37 (1961), on the elements of both degrees of the crime of murder and of self-defense. It was not an error either to order the defense to return to the prosecuting attorney the sworn statements of the witnesses for the prosecution which had been furnished to the defense. *Cf. People* v. *Pacheco*, 83 P.R.R. 505, 515 (1961).

The errors assigned not having been committed, the judgment rendered by the Superior Court, San Juan Part, on November 7, 1961, will be affirmed.

Mr. Chief Justice Negrón Fernández dissented. Mr. Justice Santana Becerra did not participate herein.

—o—

MR. CHIEF JUSTICE NEGRÓN FERNÁNDEZ, dissenting.

San Juan, Puerto Rico, June 30, 1967

In *Marrero Laffosse* v. *Marshal, Superior Court*, 89 P.R.R. 553 (1963), we dismissed the appeal brought against a judgment which denied a petition for habeas corpus, this Court relying on the ground that the allegation of lack of adequate legal assistance should be substantiated within the appeal taken from the verdict of guilty in the principal cause. In my dissent on said occasion, I indicated that the question referred to did not rest "exclusively on the record of the proceedings had in the trial of the criminal case from which an appeal was taken," but also on evidence, *aliunde* of the record, introduced at the hearing of the habeas corpus, which we would not have before us in considering the appeal from the judgment in the criminal case.

In his appeal from the judgment in the criminal case appellant now confronts the decision of *Marrero Laffosse*

v. *Marshal, Superior Court, supra,* in which, in spite of having denied the petition for habeas corpus because "said appeal constitutes an adequate remedy to dispose of the questions raised in the habeas corpus," judgment was sought to be rendered on the sufficiency of the evidence *aliunde* of the record of said case, which is not in the record of appeal now before us, indicating there that said evidence did not substantiate the allegation of lack of adequate legal assistance, which was made in the habeas corpus proceeding.

As readily seen, the allegation relating to the adequate legal assistance has been fragmented and the question, which could have been considered in full within the habeas corpus, is now reduced to the showings in the record of appeal.

The cause of action taken then limited the consideration which is given to said question in this appeal. Without prejudging it in its merits the reiteration of what, in my opinion, constitutes a double error, makes me dissent.